Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MIKE MACECHKO, Respondent, for Compensation under the Workmen's Compensation Law, against BOWEN MANUFACTURING COMPANY, Employer, and AMERICAN MUTUAL COMPENSATION INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, September 13, 1917.

Workmen's Compensation Law — injury by stamping press — failure of employee to observe employer's rules — rule not limiting scope of employment.

An employee operating a power press who had his hand crushed while attempting to remove material which had caught in the die of the press is entitled to compensation although a rule of his employer, known to him, forbade employees to put their hands within the press while it was in operation. This, because the rule which the claimant broke was not one which limited the sphere of his employment, but simply dealt with his conduct in operating the press within his employment.

APPEAL by the defendants, Bowen Manufacturing Company and another, from an award of the State Industrial Commission, entered in the Albany office of said Commission on the 28th day of February, 1917.

*Jeremiah F. Connor,* for the appellants.

*Merton E. Lewis, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for State Industrial Commission, for the respondents.

LYON, J.:

The question involved in this case is whether an employee who suffers an accidental injury as the result of his having disregarded a rule of his employer, is barred from claiming an award under the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41, as amd.).

The facts are undisputed. In December, 1916, the employer was engaged in manufacturing metal oiling cups at Auburn, N. Y. The claimant was the operator of one of its power presses, into which automatically a sheet of steel was fed

and the cup shells punched therefrom released. It was a rule of the company as to which the claimant had been explicitly instructed both by his foreman and superintendent that an operator of the press was never to put his hand within the press while it was in operation. Noticing that one or more small pieces of steel had caught in the die of the press the claimant attempted to remove them with his left hand without stopping the press. His hand was caught by the punch and so badly injured as to require the amputation of all four fingers.

The State Industrial Commission holding that the attempt of the claimant to remove the steel particle was in furtherance of his master's business, although against his master's orders, and that the accident arose out of and in the course of his employment, made the award appealed from.

The appellants base their claim of right to a reversal of the award solely upon the ground that the claimant's injuries having resulted from the violation of a rule of his employer cannot be said to have arisen out of his employment. While the precise question here involved does not seem to have heretofore been before the courts of our State for determination, and the decisions of various State courts are at variance upon the subject, the conclusions reached by the English courts under the English Workmen's Compensation Act (6 Edw. 7, chap. 58), from which our Workmen's Compensation Law was mainly derived, must be regarded as settled.

In the case of *Mawdsley* v. *West Leigh Colliery Co. Ltd.* (5 B. W. C. C. 80) a workman employed to oil machinery had been strictly forbidden to oil it when the machinery was in motion, and had been warned against the practice when seen to be engaged in it, but had persisted in the act, and had thereby received severe injuries from which he died. It was held by the Court of Appeal that the accident arose out of and in the course of his employment.

In the case of *Barnes* v. *Nunnery Colliery Co., Ltd.* (5 B. W. C. C. 195) a workman proceeding to his work in a colliery, instead of walking rode in an empty tub doing which had been expressly forbidden to his knowledge. His head came into contact with the roof and he was killed. The House of Lords held that the accident did not arise out of the employment.

In the case of *Plumb* v. *Cobden Flour Mills Co., Ltd.* (7 B. W.

C. C. 1) a foreman engaged to stack by hand bundles of flour sacks, who when the stack became too high for more bundles to be placed upon it by hand, improperly made use of a rope and a revolving shaft as a hoist and in consequence was injured. It was held by the House of Lords that he was not entitled to compensation, not having discharged the onus of proving that the accident was one arising out of his employment.

In the case of *Blair & Co., Ltd.,* v. *Chilton* (8 B. W. C. C. 324, affg. 7 id. 607) a workman employed to turn a wheel in a rolling machine and obliged to stand upon a high platform while doing so, in which position he could not be injured, sat upon the guard to rest himself while turning the wheel, although forbidden to sit, resulting in his foot being caught in the roller and seriously and permanently injured. It was held by the House of Lords, all the judges concurring, that the workman was acting within the sphere of his employment, though doing his work in the wrong way, and that the accident arose out of and in the course of his employment. Earl LOREBURN in his opinion said, " In my opinion, PICK-FORD, L. J., sums up the whole of the facts in saying this: ' This, I think, is doing his work in a wrong way, but not doing something outside ' his sphere.  *  *  *  I am bound to say that I think it is an extremely clear case. This is the very kind of thing for which the Act was passed."

Other English cases also apply as the test to determine whether the accident arose out of the employment, whether the order which was disobeyed limited  the sphere of the workmen's employment, or was merely a direction not to do certain things, or to do them in a certain way, within the sphere of the employment.   This I think is the correct principle upon which to decide the case at bar.   It is in harmony with the provision of the Workmen's Compensation Law (§ 10) that the employer shall  provide compensation without regard to fault as a cause of the injury; and also with the plain intent of our statute.   To hold otherwise would be to permit an employer by means of a comprehensive set of rules to render the statute practically nugatory.

In the case at bar the prohibition was not one which limited the sphere of the claimant's employment, but simply dealt

with his conduct within the sphere of his employment in operating the press. The accident did not occur by reason of claimant having arrogated to himself duties which he was not required to perform. The removal of the piece or pieces of steel was embraced in and was a necessary incident of his work. The act which he did was no different in kind from that which he was employed to do, but he did it in a prohibited, and very likely thoughtless and impulsive manner.

The State Industrial Commission was justified in finding that the injury was one arising out of claimant's employment. Hence the award should be affirmed.

Award unanimously affirmed.