JORDAN and another, Appellants, vs. WEINMAN and another, Respondents.

*May 4—May 21, 1918.*

*Workmen's compensation: Who are employees: "Casual employment:" "Mistake" in award: Correction after action brought: Modification of award, how and when made.*

1. Where one was called in at irregular intervals when extra help was needed or when a regular employee was absent, and worked at the regular business carried on by his employer, his employment was not "casual," within the meaning of sub. (2), sec. 2394—7, Stats. 1915.

2. Where at the time of the hearing before the industrial commission all parties to the proceeding supposed that the only injury to the claimant was the loss of the fingers of one hand, and the award was made on that supposition, but it was afterwards discovered that there was also a loss of a part of the bones of the hand, this was a "mistake," within the meaning of sec. 2394—17, Stats., which might be corrected by the commission by modifying the award, even though an action to review the award had already been brought.

3. Modification of an award, when authorized by sec. 2394—17, Stats., may be accomplished as well by vacating it and entering an entirely new award as by making simply an order of modification and letting the original award stand as modified.

4. Where the mistake is such that a further hearing is necessary and, because ten days' notice of the hearing must be given to parties interested, the modification of the award cannot be made "within twenty days from the date thereof," as provided in sec. 2394—17, Stats. 1917, that requirement of the statute is satisfied if the proceedings to correct the mistake be commenced and the notice of hearing be given within the twenty-day period and pressed to a conclusion with all convenient speed.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment confirming an award of the *Industrial Commission.* It appears that the *Commission* made an award in favor of the defendant *Weinman*

September 24, 1917, and an action was commenced by *Jordan* to review the same October 5, 1917; that the *Commission* of its own motion set aside this award October 9, 1917, without notice to appellants, on the ground of mistake, and held a further hearing at which all parties were present on October 26th, and on October 29th made new findings of fact and a larger award. Action was commenced to review their second award November 9, 1917, and the two actions were consolidated and by the judgment the second award was confirmed.

The plaintiff *Jordan* conducted a butcher shop in which was a sausage machine run by a motor. The claimant, *Weinman,* is a boy seventeen years of age living at his father's home in the vicinity. He was from time to time employed at the butcher shop as a helper. From September 19th to Thanksgiving day, 1916, he worked every evening after school and all day Saturday. From Thanksgiving day until the Christmas vacation he did not work there at all. From January 1st up to the time of the accident (June 4, 1917) he worked at various times, Saturdays mostly, though not every Saturday; sometimes two days in the week. Whenever *Jordan* needed extra help or when some regular employee was off he was called in. On the day of the accident the applicant was running the sausage machine and his hand was drawn in, cutting off all the fingers of the left hand.

For the appellants there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondent *Weinman* there was a brief by *Crownhart & Wylie* of Madison, and oral argument by *C. H. Crownhart.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

WINSLOW, C. J. The claimant was called in at irregular intervals when extra help was needed or when a regular employee was absent, and worked at the regular business carried on by *Jordan* at the shop. Within the logic of the cases of *Holmen C. Asso. v. Industrial Comm., ante,* p. 470, 167 N. W. 808, and *F. C. Gross & Bros. Co. v. Industrial Comm. post,* p. 612, 167 N. W. 809, it must be held that this employment was not casual.

A question as to the power of the *Commission* to make the second award is raised, and it is claimed that it had no such power because (1) there was no mistake within the meaning of the statute in the first award; (2) the bringing of the action to review the first award suspended the power of the *Commission* to change that award; (3) it had only power to modify or change the first award, not to vacate the same, and such modification must be made within twenty days or not at all.

The statute provides (sec. 2394—17, Stats. 1917) that "the commission may on its own motion, modify or change its order, findings or award at any time within twenty days from the date thereof if it shall discover any mistake therein."

It appears that on the first-hearing no medical testimony was taken. The claimant testified that his hand was all right except for the loss of the fingers, and his attorneys supposed that the entire injury was disclosed by mere inspection of the hand. Fourteen days after the first award was made, however, the commission learned by a statement made by Dr. Fox, the attending physician, that there was a loss of the greater part of the metacarpal bones as well as the fingers. On the following day they vacated the award and findings and notified the parties of another hearing to be held October 26, 1917, at which time both parties appeared and further testimony was taken, and on the 29th of October, thirty-five days after the making of the first award, the second award was made.

We think that there was here a mistake within the meaning of the act. It is doubtless true that it was not intended by the provision in question to provide for a new trial of a claim simply because additional testimony may be discovered by either party, but that was not the situation here. The claimant, his attorneys, the *Commission,* and in fact all parties to the proceeding, supposed that the only injury was the loss of the fingers, and the award was made on that supposition, whereas in fact there was a loss of a part of the bones of the hand. Giving the law that breadth of construction which its remedial purpose calls for, it must be held that this was a mistake within the contemplation of the statute, and hence that the award founded on it might properly be corrected. We cannot regard the contention that the bringing of the action to review the first award operated to suspend the power of the *Commission* to modify the same as worthy of any extended notice. The statute makes no such exception, and it would be legislation to all intents and purposes if the court inserted such an exception into the law.

The contentions that the *Commission* had no power to vacate its award and must make any modification therein within twenty days present much more doubtful questions. We cannot, however, regard either of them as well taken.

The power to modify the original award was given to the *Commission* for a well defined and beneficent purpose and the provision should be given no narrow construction. Modification of the original award may be accomplished as well by vacating it and entering an entirely new award as by making simply an order of modification and letting the original order stand as modified. The practical result reached seems to be the same in either case.

Nor can we entertain the idea that the modification must in all cases be made within the twenty-day limit. The intention was clearly to enable the *Commission* to correct any mistake discovered within the twenty days. In case the discovery was made on the nineteenth day it might well be that

it would be practically impossible to secure the attendance of necessary witnesses and take their testimony until after the expiration of the twenty-day period.   In the present case the mistake was brought to the attention of the *Commission* fourteen days after the making of the original award.   It was of such a nature that further testimony necessarily had to be taken to determine the extent of the change thereby made necessary in the award.   Of course if additional testimony was to be taken, the opposing party should have notice of the hearing, and the statute (sec. 2394—16) prescribes a ten-day notice of hearing.   The notice was given in the present case, and consequently the second award could not be made until after the expiration of the twenty-day period. Under the circumstances here presented, namely, where a further hearing is rendered necessary by reason of the nature of the mistake, and where, by reason of the requirement that a ten-day notice of the hearing be given to parties interested, the twenty-day period expires before the change in the award can be made, we hold that, if the proceedings to correct the mistake be commenced and the notice of hearing be given within the twenty-day period and pressed to a conclusion with all convenient speed, the requirement of the statute is satisfied.   If the mistake be an error in computation or merely of a clerical nature not calling for further testimony, a contrary conclusion might well be reached, but as that question is not before us we express no opinion upon it.

*By the Court.*—Judgment affirmed.

Owen, J., took no part.