FRINT MOTOR CAR COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*December 6, 1918—January 7, 1919.*

*Workmen's compensation: Injury to employee at automobile races: "Service growing out of and incidental to his employment:" Violation of instructions: "Wilful" disobedience: Reduction of compensation: "Casual" employment: Violation of Sunday law: Validity of contract of employment.*

1. A mechanic was given charge of his employer's pit at automobile races, with instructions to work on the cars there and not to leave the pit. Contrary to orders he left the pit and stood upon the fence at the inside of the race track. While there, during a race, he saw one of his employer's cars stop on the track a short distance away. He ran toward it, but before reaching it was struck by an oncoming car and killed. *Held,* that he was at the time performing service growing out of and incidental to his employment, and that the mere fact that he had disobeyed orders did not preclude an award of compensation for his death.

2. Under sub. (5) (j) (k), sec. 2394—9, Stats., providing for reduction of compensation fifteen per cent. where injury re-

sults from the employee's wilful failure to obey any reasonable rule adopted by the employer for his safety, the disobedience must, in order to have such effect, have been deliberate, not merely a thoughtless act on the spur of the moment.

3. Where a mechanic regularly employed in a warehouse to keep automobiles in proper condition was temporarily transferred to similar work at races in which, for advertising purposes, his employer had entered cars, the latter employment was not casual, even though entering cars in races was not a part of the regular work of the employer.

4. Where the relation of master and servant existed prior to and on the day of an accident in which the servant was injured while doing work for the master in the line of his duty, the mere fact that he was at the time violating the Sunday law does not preclude an award of compensation, where such violation did not contribute to the injury.

5. The right of recovery under the compensation act does not depend upon the validity of the contract of employment.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appellant is a corporation and at the time of the accident had a salesroom in Milwaukee. August 5, 1917, the deceased, Carl Healey, was in the employ of the appellant as a mechanic, working at the warehouse, getting $25 a week and overtime at the same rate. Automobile races had been arranged for by the Wisconsin Auto Racing Association at the State Fair Park, near Milwaukee, Saturday, August 4, and Sunday, August 5, 1917. Different dealers entered cars in these races for the purpose of promoting the names of their various cars and getting them before the public. This was the purpose of the appellant. The appellant had on other occasions entered cars in similar races, although entering cars in races was not a part of the regular work of appellant.

Each company entering cars had assigned to it certain space inside of the track near the starting mark, called a pit, and was permitted to have two men in each pit for the purpose of handing out spare parts, gasoline, etc. Healey, after

doing work on the racing cars, was given charge of the pit of the appellant and was instructed to work on the cars at the pit and see that they were properly tuned up and to remain there. On the afternoon of the day of the accident Healey had gotten out of the pit and was standing on the fence at the inside of the track. One of the appellant's cars stopped a short distance from the pit, and Healey, seeing the car stop, ran up to where it was standing, and after getting in front of it he was run into by another car and killed.

The *Industrial Commission* awarded *Nettie Healey* $2,782.85 against the appellant because of the death of her husband, Carl Healey. The court below confirmed the award of the *Industrial Commission* and rendered judgment accordingly, from which this appeal is taken.

The cause was submitted for the appellant on the brief of *Lines, Spooner & Quarles* of Milwaukee, and for the respondent *Industrial Commission* on that of the *Attorney General* and *Winfield W. Gilman,* assistant attorney general.

KERWIN, J. Three main contentions are made in this case: (a) That the accident was not an industrial accident; (b) that the employment was but casual; and (c) that the employment was a Sunday employment and no recovery could be had for injury resulting therefrom.

1. Prior to the day of the injury, Healey, deceased, was in the employ of appellant under the compensation act, and at the time of the injury was performing services growing out of and incidental to his employment, unless it can be said that because he left the pit provided for him during the races he thereby got outside of the course of his employment. The contention of appellant is that because Healey left the pit provided for him and went upon the track where he was killed, he was not at the time of the injury within the course of his employment, hence no recovery could be had. We regard this contention untenable. The mere fact

that Healey was instructed to remain in the pit and that he violated such instruction did not put him outside of the scope of his employment.

It appears from the record that during the course of one of the races a car of appellant skidded and came to a stop near the fence, a short distance from the point where Healey was standing upon the fence watching the races. As soon as his employer's car stopped he jumped from the fence and ran toward it, but before he reached it was struck by an oncoming car and killed. We are satisfied that deceased was at the time of the injury acting within the scope of his employment, and the mere fact that he disobeyed orders does not defeat recovery. *Whitehead v. Reader,* 3 Workm. C. C. 40; *Northern Ind. G. & E. Co. v. Pietzvak* (Ind.) 118 N. E. 132; *Louisville & N. R. Co. v. Fleming,* 194 Ala. 51, 69 South. 125; *Chicago R. Co. v. Industrial Board,* 276 Ill. 112, 114 N. E. 534; *Watkins v. Guest, K. & N. Ltd.* 5 Butterworth's Workm. C. C. 307; *Kolaszynski v. Klie* (N. J. Law) 102 Atl. 5; *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N. W. 247; *Manitowoc B. Works v. Industrial Comm.* 165 Wis. 592, 163 N. W. 172.

Counsel for the appellant refer to sub. (5) (j) (k), sec. 2394—9, Stats., relating to reduction of compensation fifteen per cent. in case of wilful failure to obey any reasonable rule adopted by the employer for the safety of the employee. We are of opinion that there was no wilful failure to obey a rule of the employer by Healey within the meaning of the statute. Mere violation of a rule does not always constitute wilful misconduct. To have that effect the disobedience must have been deliberate, not merely a thoughtless act on the spur of the moment. *Nickerson's Case,* 218 Mass. 158, 105 N. E. 604; Ann. Cas. 1916A; *U. S. F. & G. Co. v. Industrial Acc. Comm.* 174 Cal. 616, 163 Pac. 1013; *Diestelhorst v. Industrial Acc. Comm.* 32 Cal. App. 771, 164 Pac. 44; *Rumboll v. Nunnery C. Co.* 1 Workm. C. C. 28; *Reeks v. Kynoch,* 4 Workm. C. C. 14.

2. It is contended that Healey's employment was but casual. He was a regular employee of appellant, and his work was not materially different at the time of the accident from that which he ordinarily did. He was a mechanic, kept cars in proper condition, and was working in the regular course of such employment at the time of the injury, therefore his employment was not casual. *Holmen C. Asso. v. Industrial Comm.* 167 Wis. 470, 167 N. W. 808; *F. C. Gross & Bros. Co. v. Industrial Comm.* 167 Wis. 612, 167 N. W. 809; *Jordan v. Weinman,* 167 Wis. 474, 167 N. W. 810.

3. It is also insisted that because the accident occurred on Sunday there can be no recovery. The contract of employment with Healey was made prior to the date of the accident, and on the day of the accident and prior thereto the relation of master and servant between appellant and Healey existed, as well as the duty imposed by law upon appellant to make compensation for injuries arising out of the relation existing by force of the workmen's compensation act. The fact that Healey was violating the Sunday law cannot defeat recovery, because it did not contribute to the injury. The right of recovery was fixed by the statute and the relation lawfully existed between appellant and Healey at the time of the accident.

While the decisions in ordinary tort actions before the workmen's compensation act was passed cannot be said to be strictly in point, some of the reasoning in these cases is pertinent. *McArthur v. Green Bay & M. C. Co.* 34 Wis. 139; *Knowlton v. Milwaukee City R. Co.* 59 Wis. 278, 18 N. W. 17; *Gabbert v. Hackett,* 135 Wis. 86, 115 N. W. 345; *Gerretson v. Rambler G. Co.* 149 Wis. 528, 136 N. W. 186; *Gross v. Miller,* 93 Iowa, 72, 61 N. W. 385, 26 L. R. A. 605.

In *McArthur v. Green Bay & M. C. Co., supra,* in speaking upon this subject the court said, in effect, that the same state of facts which would entitle plaintiff to recover had the injury happened on any day other than Sunday would

entitle him to recover notwithstanding the accident occurred on Sunday and while he was unlawfully navigating the canal.

And in *Knowlton v. Milwaukee City R. Co., supra,* it is held that the right of the plaintiff to recover is not affected by the fact that he was violating the Sunday law, because he did not thereby become an outlaw, but was as much within the protection of the law and was entitled to the same degree of care by the defendant to protect him from injury as though he had postponed his ride on the defendant's car until the following day.

The reasoning in *Gross v. Miller, supra,* is in line with the Wisconsin cases above cited and it is held that the fact that one is injured while violating a Sunday law in no way interferes with or prevents the right of recovery for the injuries sustained, because such mere violation in no way contributed to the injury; in such cases violation of a Sunday law is not the proximate or efficient cause of the accident.

The basis of recovery under the workmen's compensation act is that the injury be proximately caused by the accident and is not intentionally self-inflicted. Sub. (3), sec. 2394—3, Stats. The fact that the work was being done on Sunday did not abrogate the relation of master and servant between appellant and Healey. *Houston & T. C. R. Co. v. Rider,* 62 Tex. 267. And this court has held that, although the employment contract be illegal, it does not destroy operation under the workmen's compensation act. *Foth v. Macomber & Whyte R. Co.* 161 Wis. 549, 154 N. W. 369.

Nor do we think that the right of recovery under the compensation act depends upon the validity of the contract of employment. 1 Honnold, Workm. Comp. 30.

Whatever the contract may be, while the servant is doing work for the master in the line of his duty the law imposes upon the master the duty of making the prescribed compensation for industrial accident. In such a case the injured party does not have to resort to the illegal act to make his

case.   The relation of master and servant as well as the statute providing for compensation persist independent of· the Sunday statute.   *Hughes v. Atlanta S. Co.* 136 Ga. 511, 71 S. E. 728, 36 L. R. A. N. s. 547; *Neanow v. Uttech,* 46 Wis. 581, 1 N. W. 221; *Walker v. Ontario,* 111 Wis. 113, 86 N. W. 566; *Derr v. C., M. & St. P. R. Co.* 163 Wis. 234, 157 N. W. 753.

We are satisfied that the judgment of the court below is right and must be affirmed.

*By the Court.*—The judgment appealed from is affirmed, with costs.