Before STATE INDUSTRIAL BOARD, Respondent.

TIMOTHY KELLY, Claimant, Respondent, *v.* NATIONAL PACKING BOX COMPANY and Another, Appellants.

Third Department, March 7, 1923.

Workmen's compensation — injury arising out of and in course of employment — claimant, who was fireman, was burned by escaping steam and water while regulating valve — claimant instructed not to touch valve but later his immediate superior told him to regulate valve — claimant was not outside employment when injured — award sustained though there was no specific finding as to prohibited act.

The claimant suffered an injury in the line of his employment where it appeared that he was engaged as fireman; that at the time he was employed he was told by the chief engineer not to touch a certain valve but to call on his superior when it was necessary to regulate the valve; that after working several weeks his immediate superior told him that he could regulate the valve in question, and that thereafter while regulating the valve he was injured by escaping water and steam.

At the time of the injury the claimant was not engaged in an employment prohibited as to him, but at most he was merely violating an order as to a detail

of the very work for which he was employed, and furthermore, he did not consciously violate that order, since he had the right to assume that the force of the order had been spent by reason of his experience, coupled with the direction by his immediate superior to do the very thing prohibited.

While the Industrial Board did not make specific findings in relation to the prohibited act, the award may be sustained on the ground that the proofs and proper inferences therefrom warrant the general finding that the accident occurred while the claimant was engaged in the regular course of his employment.

APPEAL by the defendants, National Packing Box Company and another, from an award of the State Industrial Board, made on the 30th day of June, 1922.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J.:      .

The State Industrial Board has found that on January 28, 1922, while claimant was employed as a fireman in a packing box factory and " while endeavoring to get up steam fast thereat, he opened one of the valves in the back of . the boiler, whereupon the water and steam came out therefrom, and Timothy Kelly, in endeavoring to shut off the said valve, sustained injuries in the nature of burns on his face, hands and legs." Appeal is taken from an award to claimant on the ground that claimant had been ordered not to touch that valve and that, since his injury arose out of disobedience of that order, the injury did not occur in the line of his employment.

It is true that when claimant was employed, about twelve weeks before the accident, he was told by the chief engineer " not to touch the valve," but to get a Mr. Kissam, claimant's immediate superior, to do it. The boiler would get too full and once or twice a day this valve was opened to release some of the water. Claimant relied upon Kissam to attend to this, watching him and assisting him, until about two or three weeks before the accident, when Kissam told claimant to go down and open it himself, saying " you know what to do, go ahead and open up the valve and let it off." After that time claimant had opened the valve six or seven times without saying anything to Kissam, and he had had no trouble at all. On the occasion in question he found too much water in the boiler and he again attempted it in order to get steam more quickly. Without doubt, Kissam was the man who was placed in immediate charge of claimant and was the person from whom claimant expected to get directions as to his work. It is not unfair to the employer to say that claimant had a right to believe that his original instructions had been modified by Kissam and that there was no conscious violation of duty by claimant when,

thereafter, he took occasion to open the valve himself as occasion warranted it. The occasion did warrant it this time, but something unexpected happened to the pipe; and as he went back to turn the valve off, the electric lights which were in the passageway between the boilers went out and his scalding was partially due to his trying to accomplish his task without sufficient illumination.

His general line of duty seems to have been to get up steam for the building so that the men could work and he thought there was need for haste. If he disobeyed an order in accomplishing his regular employment, such disobedience would not be considered a stepping out of his employment. (*Macechko* v. *Bowen Mfg. Co.*, 179 App. Div. 573; *Yodakis* v. *Smith & Sons Carpet Co.*, 193 id. 150; affd., 230 N. Y. 593.) It is not the performance in a prohibited manner of the thing he is employed to do but the attempt, in disobedience of an order, to undertake something wholly outside of his line of duty, which breaks the relationship of employer and employee. In this case there was evidence from which the State Industrial Board could find that the claimant did not undertake an employment prohibited as to him, but that, at most, he violated an order as to a detail of the very work for which he was employed; and the State Industrial Board could infer from the proofs that claimant did not consciously violate that order but had the right to assume that the force of the order had been spent by reason of his three months' experience on the job coupled with the direction he had recently received from his immediate superior to do the very thing prohibited.

While the State Industrial Board has not made specific findings in relation to this prohibited act, I see no reason why we should not sustain the award upon the ground that the proofs and proper inferences therefrom warrant the general finding that the accident occurred " while the said Timothy Kelly was engaged in the regular course of his employment."

The award should be affirmed, with costs in favor of the State Industrial Board.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Award unanimously affirmed, with costs in favor of the State Industrial Board.