FRANCISCO UMPIERRE, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., ET AL., Respondents.

No. 22. Argued December 20, 1937.—Decided February 24, 1938.

*Wilson P. Colberg* for petitioner. *Ponsa & Riefkohl* for respondent.

Mr. Justice Travieso delivered the opinion of the Court.

Bernardo Villanueva Díaz lost his life as a result of injuries received in an accident which occurred while he was riding on a truck belonging to his employer, Francisco Umpierre, here petitioner. On July 22, 1936, the Industrial Commission of Puerto Rico held that the employer was not insured on the date of the accident, June 6, 1936. In opposition to the claim made by the estate of the deceased employee, the employer set up the following defenses:

1. That the employee intentionally caused the injuries resulting in death.

2. That the employee intentionally disobeyed express instructions of his employer as to walking about on a truck while in motion, thus deliberately assuming the risk of injury.

3. That in so acting, the employee was outside of the course of his employment, as a result of which he receives no protection from the law in force, having been guilty of wilful misconduct.

After a hearing at which the interested parties were heard, the Industrial Commission held that the workman suffered the accident in the course of his employment by Francisco Umpierre and was protected by Act No. 45 of 1935 1, p. 250, and ordered the employer to pay to the widow and child of the deceased the sum of $1,717.62. The employer, being aggrieved, took the present petition for review.

The facts established and as to which there is no dispute among the parties, show that Villanueva was riding from Guaynabo toward San Juan on a truck loaded with stone, belonging to his employer; that he was seated on top of the stone on the rear part of the truck; and that while the truck was in motion, he tried to get up to the front part to sit down

at the driver's side, but with such bad luck that when he put foot upon the right running board of the driver's seat, he slipped, fell to the pavement, and the front wheel of the truck passed over his abdomen. He died on the same day as a result of the injuries so received.

The employer contends that the Industrial Commission erred:

1. In holding that there was no evidence in the record to show that the employee had been warned of the danger he was running.

2. In holding that in order to show wilful misconduct it is necessary to show that the employee was warned of the risk he was running.

3. In holding that the employee in this case did not intentionally disobey the orders of the employer.

4. In not holding in accordance with the evidence that the case was not covered by the statute governing the subject matter, and in holding that there was a right to compensation as an accident in the course of employment.

5. In not holding that the accident occurred through intent upon the part of the employee, knowing that in acting as he did, he was acting outside of the course of his employment and committing an act, the consequences of which are not entitled to compensation under the statute now in force.

Since these assignments are interrelated, we shall consider them together.

We have made a careful examination of the evidence offered by the employer, to show that Villanueva was guilty of wilful misconduct because he had been warned of the danger and had been expressly forbidden to walk about on top of the stone while the truck was in motion. We agree with the Industrial Commission that the evidence is insufficient to establish this defense. The only thing that appears from the testimony of one of the employer's laborers and from the testimony of the employer himself is that the latter instructed the laborers to be careful in getting on and off of the trucks and that in the employer's office there is affixed a poster in which there are certain written instructions upon the point. There is, however, no evidence whatever that such

instructions were communicated directly and personally to Villanueva. The evidence shows that Villanueva could not have been aware of the written instructions, since he did not know how to read.

In order for the act of an employee to be characterized as wilful misconduct so as to deny him compensation, it is necessary to show that the employee acted in disobedience of express orders of the employer and after having been warned of the danger which he was risking in doing the prohibited act. All of the cases which petitioner cites so hold. For example, we shall cite the following cases:

"Injuries resulting from those acts which are in direct hostility to, and in defiance of, *positive orders of the employer* concerning instrumentalities, places, or things about or on which the employee has not duty to perform, and with which his employment does not connect him, are not compensable." (Italics ours.) *Dickey* v. *Pittsburgh & L.E.R. Co.*, 297 Pa. 172, 146 Atl. 543.

"If an employee goes to a department other than his own, and is injured while seeking to hurry work which he is authorized to do in his own department, the injury is not received in the course of his employment, *where there is a rule known to the employee, restricting the activities of employees to their own department.*" (Italics ours.) *Hyatt* v. *United States Rubber Reclaiming Co.*, 230 App. Div. (N.Y.) 743, 243 N. Y. Supp. 474.

"An employee who sustains an injury in a department of his employer's plant into which, in account of the risk of injury, *he has been positively told by his superiors not to go*, is not injured in the course of his employment; especially where he went into this department and performed work there to serve his own personal convenience, and for his own financial gain." (Italics ours.) *Kasper* v. *Liberty Foundry Co.*, (1932) Mo. App. 54 S. W. (2d) 1002.

The numerous cases which petitioner cites support the doctrine that an employee is guilty of wilful misconduct and loses his right to compensation, where, after having been warned by the employer of the risk which he is running, he does the prohibited act and assumes the risk of being injured. Wilful misconduct is something more than negligence; there is implicit in it the idea of conduct almost criminal, or, in

744

other words, a deliberate intention to do a prohibited act with full knowledge of its probable consequences. See: *Clark* v. *Los Angeles County*, 1 Cal. I. A. C.; *Haffenayer* v. *United Keanograph Film Mfg. Co.*, 1 Cal. A. C. Dec. 620. Petitioner, in arguing that this doctrine is applicable to the instant case, says in his brief:

"The authorities have reached a definite conclusion in cases of this kind, that *an employee who violates positive orders of his employer*, give for his protection, steps out of 'the course of his employment,' and if injured, the injury has not been received 'in the course of his employment' or 'by reason of his employment' which are requisite essentials for fixing liability." (Italics ours.)

The authorities also hold that the burden of proof, when wilful misconduct is set up, rests upon the defendant; that the defense has not been duly established when there is doubt as to whether the risk of danger was undertaken deliberately and wilfully; and that when the injury causes death, the evidence must be clear and unequivocal and of such a degree as to establish the defense beyond all reasonable doubt, for the reason that the lips of the employee, sealed by death, cannot be opened in his own defense. See: *Hedges* v. *City of Los Angeles*, 1 Cal. I. A. C. Dec. 394; Honnold Vol. 1, p. 568; *Freid* v. *Smith Lumber Co.*, 2 Cal. I. A. C. Dec. 117.

We are of the opinion that the employer in this case has not established satisfactorily his defense of wilful misconduct. We have already said that the evidence offered to show that Villanueva had received express orders from the employer is insufficient. Clear and unequivocal evidence was not presented that the employee was expressly warned of the danger, and, in view of the fact that the employee was on the truck with the consent of the employer, in performance of the duties of his employment to take stone from the quarry for delivery at the construction, we are not warranted in presuming that the act of trying to get from where he was seated on the rock to the place by the side of the driver was done by Villanueva with the deliberate intent of disobey-

ing the orders of his employer. and of assuming the risk of being injured. It would be more logical to presume that Villanueva was merely trying to find a less dangerous and more comfortable seat than the one upon the rock assigned to him by his employer. There was no error in applying the law to the facts which the commission found proved. The commission did not err in holding that the accident occurred in the course of the workman's employment and that the injury is compensable under the provisions of the present statute.

 During the hearing of the case an effort was made by the employer to show that at the moment of the accident Villanueva was not engaged in the ordinary course of his employment. To that end the employer testified that Villanueva's work was that of filling the truck at the quarry and unloading it at the construction to which the stone was destined; and that while the truck was in motion, he had no work. In the case of this testimony it occurs to us to ask: How could Villanueva carry out his duty to unload the stone if he did not go in the same truck which was carrying it to the construction? In the absence of evidence showing that he was forbidden to ride on the truck carrying the stone, we must presume that his presence on the truck on the day of the accident was related to and was an integral part of his duty to load the truck at the quarry and to unload it at the construction. Consequently, we must hold that the accident causing the employee's death occurred in the ordinary course of his employment. In the annotation appearing in 23 A. L. R. 1156, we find the following authorities, which we cite with approval and believe applicable to the present case:

"There are prohibitions which limit the sphere of employment, and prohibitions which only deal with conduct within the sphere of employment. A transgression of a prohibition of the latter class leaves the sphere of employment where it was, and consequently will not prevent recovery of compensation. A transgression of a prohibi-

tion of the former class carries the workman outside of the sphere of his employment.'' *Plumb* v. *Cobden Flour Mills Co.* [1914 H.L.] A. C. (Eng.) 62, 7 B.R.C. 128, Ann. Cas. 1914B, 495, 23 A.L.R. 1163.

''Accordingly, the test to be applied in determining whether the violation of a rule or order takes the workman out of the sphere of his employment is whether the order which was disobeyed limited the sphere of such employment, or was merely a direction not to do things, or to do them in a certain way, within the sphere of the employment.'' *Macechko* v. *Bower Manufacturing Co.*, (1917) 179 App. Div. 573, 166 N. Y. Supp. 822, 23 A.L.R. 1164.

The evidence in this case shows that the prohibition which it is contended Villanueva violated did not limit the sphere of his employment, but merely established a rule of conduct to be observed within the sphere of his employment. At the moment of the accident Villanueva was lawfully on the truck, with the consent of his employer, accompanying the stone to the construction, a duty included within the sphere of his employment. The employer's instructions dealt solely with the conduct which the workman should have observed while performing this duty.

We are inclined to believe that Villanueva acted negligently in trying to get into the front seat, without stopping to consider the risk he was running; and further, we are inclined to believe that in doing so he assumed the risk of being injured. Nevertheless, the employer cannot set up as a defense either the negligence of or the assumption of risk by the employee. (Act No. 45 of 1935, Sec. 15).

We agree with petitioner that Section 15 of Act No. 45 of 1935 (1, p. 250), entitled ''Workmen's Accident Compensation Act,'' deprives the employer only of those defenses specifically enumerated in that Section, that is, contributory negligence, assumption of risk, and the negligence of a contractor or independent subcontractor not insured under the Act; and that it does not deprive him of the defense of ''wilful misconduct'' of the employee as the sole cause of the injury, recognized by subdivision 4 of Section 4 of the same Act as ground sufficient to make an injury noncom-

pensable. We so held in the case of *Bonilla* v. *Mitchel*, 51 P.R.R. 123.

 Nevertheless, to establish a defense of wilful misconduct, it is not sufficient to show disobedience to an order of the employer. It must also be shown that the employee had knowledge of the order and that the disobedience was deliberate and intentional and not merely an act done on the spur of the moment. See *Frint Motor Car Co.* v. *Industrial Commission*, 168 Wis. 436, 170 N. W. 285; *Hyman Bros. B. & L. Co.* v. *Industrial Acc. Commission*, 180 Cal. 423; *Railroad Co.* v. *Industrial Acc. Com.*, 180 Cal. 416; *Diestelhorst* v. *Industrial Acc. Comm.*, 32 Cal. App. 771, 23 A. L. R. 1168.

For the foregoing reasons the order appealed from must be affirmed.

Mr. Justice Hutchison and Mr. Justice Córdova Dávila took no part in the decision of this case.