In the Matter of the Claim of ANTHONY RENDINO, Respondent, *v.* CONTINENTAL CAN COMPANY et al., Appellants.

*Rendino* v. *Continental Can Co.*, 186 App. Div. 925, reversed.
(Argued February 25, 1919; decided March 11, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 12, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law. Claimant, a boy seventeen years of age, was employed by defendant Continental Can Company to dip cans in a liquid. On the day of the accident, having finished his own work he attempted to operate a stamping machine in violation of orders of his employer

and received the injuries complained of. The industrial commission held that although claimant violated orders, nevertheless, that did not bar him from compensation. The appellants contended that the claimant entirely departed from the sphere of his employment and exposed himself, by voluntary act, to a risk which was not contemplated in the contract of employment, and, therefore, the alleged accident did not arise out of and in the course of his employment.

*Bertrand E. Pettigrew* and *Walter L. Glenney* for appellants.

*Charles D. Newton*, Attorney-General (*E. C. Aiken* of counsel), for respondent.

Order of Appellate Division and determination of industrial commission reversed and claim dismissed, with costs against the industrial commission in this court and in the Appellate Division, on ground there is no evidence to sustain the finding that the claimant's injury arose out of the course of his employment, within the authority of *Di Salvio* v. *Menihan Co.* (225 N. Y. 123).

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, MCLAUGHLIN and CRANE, JJ.