Before State Industrial Commission, Respondent.

In the Matter of the Claim of Frank Yodakis (Also Called Frank Utaliyz), Respondent, for Compensation under the Workmen's Compensation Law, v. Alexander Smith & Sons Carpet Company, Employer and Self-Insurer, Appellant.

Third Department, July 8, 1920.

**Workmen's Compensation Law — injury not in course of employ-ment — weaver injured while doing work of belt fixer and against orders of employer.**

The claimant, who was employed as a weaver, was not injured in the course of his employment, where it appeared that shortly before the time to begin the day's work on the day of the accident, he inserted his arm behind the guard upon his machine to place a gritty substance upon the belt to increase friction and thereby the speed of the loom, and while thus engaged received the injury; that such work was strictly against the orders of his employer, and that loom fixers and belt fixers were specially employed to make all repairs on belts and looms. The claimant at the time of the accident was doing work beyond and outside of the sphere of his employment.

John M. Kellogg, P. J., dissents, with memorandum.

Appeal by the defendant, Alexander Smith & Sons Carpet Company, from an award of the State Industrial Commission, entered in the office of said Commission on the 18th day of November, 1919.

*Wallin, Beckwith & Edie [George H. Beckwith* of counsel], for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. Kellogg, J.:

The claimant was employed as a weaver in a carpet factory to work upon a loom. On the day of the accident, about two minutes before the morning whistle blew to begin the day's work, he inserted his arm behind the guard upon his machine to place a gritty substance upon the belt to increase friction

and thereby the speed of the loom. While thus engaged the moving belt caught the sleeve of his shirt and drew his arm between the belt and pulley with the result that he received a fracture of the arm. The claimant himself has said that his act was strictly against orders; that loom fixers and belt fixers were employed to make all repairs on belts and looms; that if he had been caught doing that which caused the accident he would have been discharged. It has been held · that a laborer employed to sharpen tools who received an injury by inserting his hand into a machine to restore to a moving pulley a belt which had slipped therefrom was within the course of his employment though his act was contrary to orders (*Whitehead* v. *Reader*, 3 W. C. C. 40); that a workman employed to oil machinery who received injury while oiling a moving machine in violation of instructions was in the course of his employment (*Mandsley* v. *West Leigh Colliery Co., Ltd.*, 5 B. W. C. C. 80); that a workman employed to stand and turn a wheel, who contrary to orders sat while working was in the course of his employment when injured (*Blair & Co., Ltd.*, v. *Chilton*, 8 B. W. C. C. 324); that an employee who was injured while removing material caught in a machine which he was operating was in the course of his employment though doing a forbidden act. (*Macechko* v. *Bowen Mfg. Co.*, 179 App. Div. 573.) In the last-named case Mr. Justice LYON of this court defined the test to be applied perhaps more clearly than it elsewhere has been stated. He there said that the determining question was: " Whether the order which was disobeyed limited the sphere of the workmen's employment, or was merely a direction not to do certain things, or to do them in a. certain way, within the sphere of the employment." The cases cited are examples of workmen doing the work which they were employed to do, but doing it in a wrong, careless or forbidden way. The following are illustrations of injuries received outside of the scope of the employment: An injury received by a night watchman who while sitting in a chair dozed off and fell from a window (*Matter of Gifford* v. *Patterson, Inc.*, 222 N. Y. 4); an injury received by a workman who had stepped away from his machine to say good-bye to a fellow-workman who had been drafted to fight for his country (*Matter of Di Salvio* v. *Menihan Co.*, 225 id. 123); an injury to a boy

employed to dip cans while attempting to operate a machine in violation of orders. (*Matter of Rendino* v. *Continental Can Co.,* 226 N. Y. 565.) In these cases it was held that the employees were without the sphere of their employment and the awards were reversed. In *Matter of Heitz* v. *Ruppert* (218 N. Y. 148) Judge POUND, writing for the court, said: " The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work." In the case before us the employer had done more than merely to promulgate rules forbidding employees while actually engaged in work for which they were hired from doing that work in particular ways. It had drawn a line strictly dividing repair work from work of production, and had forbidden all operators of machines from doing the work of repair. This claimant had not begun to do the work for which he was hired when the accident occurred which caused the injury. Before the whistle to begin his work had sounded he was injured, not in making carpets for which he was solely employed, but in repairing or adjusting his machine for the work of the day. The rule which he broke was important, not because it made him a violator of his master's orders, but because it defined the limits of his employment and in the particular instance established that he passed beyond them and stepped out of the sphere of his employment. The case is exceedingly close, but it seems to me that under the authorities cited the balances tip against the claimant.

The award should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., dissenting, with a memorandum.

JOHN M. KELLOGG, P. J. (dissenting):

The claimant, while working at his machine, was at fault in disobeying instructions and his injury resulted therefrom. But compensation is awarded " without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employee to bring about the injury or death of himself or of another, or where the injury results solely from the intoxication of the injured

employee while on duty." (Workmen's Compensation Law, § 10.)

Clearly he did not intend to injure himself or another, and within the above provision, I think, he has not lost his rights under the act. I favor an affirmance.

Award reversed and claim dismissed.