for the Death of ROBERT SHERMAN, under the Workmen's Compensation Law, Respondent, v. INDIA-WHARF BREWING COMPANY, Employer, and INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Insurer, Appellants. — Award unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of JOSEPH P. PIENTKA, for Compensation under the Workmen's Compensation Law, Respondent, v. THOMPSON NORRIS COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.— Award reversed and claim dismissed, on the authority of *Matter of Rendino* v. *Continental Can Co.* (226 N. Y. 565) and *Yodakis* v. *Smith & Sons Carpet Co.* (193 App. Div. 150; affd., 230 N. Y. 593). All concur.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of OTOLJA MEZYNSKI and Minor Dependents, for Compensation under the Workmen's Compensation Law for the Death of ROMAN MEZYNSKI, Respondent, v. STERLING IRON AND RAILWAY COMPANY, Employer; THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.— Sent back to the Commission for further proofs and findings.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of CASIMIR DAMES, Respondent, for Compensation under the Workmen's Compensation Law, v. ESSEX GLASS COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.— Award reversed and matter remitted to the Commission, on the ground that it has not been established that the injury arose out of the employment. — All concur, except John M. Kellogg, P. J., dissenting.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of WILLIAM PEARSON, for Compensation under the Workmen's Compensation Law, Respondent, v. JOHN K. TURTON CORPORATION, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.— Award reversed, on the ground that there is no proof of the total loss of vision of the left eye, and claim remitted to the Commission to take further proof as it may be advised and to make an award accordingly. All concur.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of ANTHONY MARRA, Respondent, for Compensation under the Workmen's Compensation Law, v. THE NASSAU ELECTRIC RAILROAD COMPANY, Employer and Self-insurer, Appellant.— Award reversed and claim dismissed upon the ground that there is no evidence that the present disability was caused by the accident. All concur, except Woodward and Kiley, JJ., dissenting.