Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WLADYSLOWA JENCZEWSKI and Others, Respondents, for Compensation under the Workmen's Compensation Law on Account of the Death of JOSEPH JENCZEWSKI, *v.* ALUMINUM COMPANY OF AMERICA, Employer and Self-Insurer, Appellant.

Third Department, December 28, 1921.

Workmen's Compensation Law — death arising out of and in course of employment — deceased found dead at point where he was not required to be — award cannot be sustained where there are no findings as to whether deceased was disobeying instructions at time of death.

The deceased was employed as a tender of aluminum ore reducing pots and his particular place of employment was in line 3.    His dead body was found between two pots in line 2 at a point where he was not required to be and it was not claimed that in returning to his place of work, which he was seen to leave a short time before his death, he could have passed between the two pots where his body was found.    The crucial question in the case was whether or not, at the time of his death, deceased was disobeying his employer's instructions.

*Held*, that the award cannot be sustained on findings that the deceased in returning to his place of work " in some unknown manner passed between " the two pots where his body was found, for the employer is entitled to a finding on the question whether or not at the time of death deceased was disobeying his instructions and, therefore, in the absence of explanatory circumstances, outside the scope of his employment.

APPEAL by the defendant, Aluminum Company of America, from an award and decision of the State Industrial Commis-

sion, entered in the office of said Commission on the 14th day of December, 1920.

*Cohn, Chormann & Franchot* [*Edward E. Franchot* and *Paul P. Cohen* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

*Watts, Hunt & Findlay* [*William L. Hunt* of counsel], for the claimants, respondents.

COCHRANE, J.:

In the plant of the appellant are four parallel lines of pots used for reducing aluminum ore to metallic aluminum. Each line consists of a passageway and on each side of the passageway is a row of pots. The deceased was a pot-tender. The place of his work was in line 3. He was found dead between pots 38 and 39 in line 2. The cause of his death was clearly established as contact with a current of electricity due to a defective electrical appliance. The question for determination is whether the accident arose out of and in the course of the employment. About fifteen minutes before the finding of his body the deceased was seen entering a toilet. The Commission has found that " on returning from the toilet, in some unknown manner, [he] passed between pots 38 and 39 in line 2 of pots, and by reason of defective insulation between said pots 38 and 39 " he was killed. In going to the toilet he would pass out of line 3, where he was at work, into an aisle or passageway at right angles to the different lines passing lines 2 and 1, the toilet being in the latter line. The place of his death was sixty-two feet from the center of the aisle or passageway extending at right angles to the different lines. In other words, he was that distance out of his natural course in returning from the toilet to the place of his work. The pots on line 2 were not in use the day of the accident and none of the employees were at work in that line. No duty of the deceased required him to be there. It is not claimed that he could reach line 3 by passing between pots 38 and 39 where his dead body was found nor in any other way than by retracing his steps the said sixty-two feet. It was strongly contended by the appellant before the Commission and much

evidence was given on the point that the employees were under orders not to enter a line where they were not working. There was evidence to the contrary and thus a question of fact was presented for the determination of the Commission. It does not appear, however, from the findings that such question has been determined. Its importance consists in the fact that if the deceased was in this respect disobeying orders it would seem in the absence of explanatory circumstances that he was outside of the sphere of his duties and that an award could not for that reason be made. (*Yodakis* v. *Smith & Sons Carpet Co.,* 193 App. Div. 150; affd., 230 N. Y. 593.) The Commission has merely made a general finding that the accidental injuries " arose out of and in the course of his employment." As stated in *Matter of Lorchitsky* v. *Gotham Folding Box Co.* (230 N. Y. 8) this " is a mere conclusion and an award ought not to rest upon so general and inadequate a basis." Whether or not the deceased was disobeying instructions is a question which either has been evaded by the Commission or else its importance has not been appreciated. Before the appellant is required to pay an award it is entitled to have that question squarely decided. It is manifestly unfair to make an award without informing the party against whom it is made in what manner the question which may be the turning point in the case has been decided. The findings here are in general extremely vague. We are told that " in some unknown manner " the deceased passed between pots 38 and 39 and met his death, and yet, although the occasion of his being there seems to have been unknown to the Commission, the latter had no difficulty in passing to the conclusion that the injuries " arose out of and in the course of his employment." Before this award is sustained I think there should be specific findings on the apparently crucial question as to whether the deceased was violating instructions when he met his death.

The award should be reversed and the matter remitted to the Board.

JOHN M. KELLOGG, P. J., WOODWARD, H. T. KELLOGG and VAN KIRK, JJ., concur.

Award reversed and matter remitted to the Board.