Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of CELIA HAMBERG, Respondent, for Compensation under the Workmen's Compensation Law for the Death of YETTA HAMBERG, *v.* FLOWER CITY SPECIALTY COMPANY, Employer, Impleaded with UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurance Carrier, Appellant.

Third Department, July 6, 1922.

Workmen's Compensation Law — injury arising out of and in course of employment — injury resulting in death of employee while operating freight elevator for her own purposes and contrary to orders did not arise out of and in course of her employment.

An injury resulting in the death of an employee, a girl fifteen years of age, did not arise out of and in the course of her employment, within the meaning of the Workmen's Compensation Law, where it appears that she met her death while operating a freight elevator contrary to positive orders and solely to save herself the effort of climbing the stairs, which was the way provided by the employer for her to reach the fourth floor of the building where she worked.

APPEAL by the defendant, United States Fidelity and Guaranty Company, from a decision and award of the State Industrial Commission, made on the 29th day of July, 1920, and from a decision of the State Industrial Board made on the 19th day of October, 1921, modifying said decision and award.

*Chester McNeil,* for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

KILEY, J.:

The employer is a corporation manufacturing paper boxes in the city of Rochester. Its business is located and carried on in a five-

story building which it owned. With one other tenant it occupied the whole building. It maintained an elevator for the use of the occupants of said building, which was designated as a combination passenger and freight elevator. On the 18th day of October, 1919, claimant's intestate, a daughter, fifteen years of age, worked for this company. The place of her work in said building was on the fourth floor. The hours were from seven-thirty A. M. to five P. M. The way provided for the help to reach the upper floor in said building was by a stairway. The evidence discloses that the girl employees of the building, at times, used the elevator to get up and down, to and from their respective positions in the establishment. On the day in question and about seven-ten A. M. the man who ran the elevator had stopped it at the second floor, locked it and had gone away from it. Claimant's intestate checked in at the first floor at about that time and went up the stairs to the second floor, unlocked the elevator and started it upwards, was caught between it and the floor and killed. Claimant as a dependent was given an award. Appellants object to the award upon the ground that the accident did not arise out of and in the course of her employment, and that there was no dependency proven on part of the claimant. The first objection is good. While at different times girls, among them this girl, had used the elevator and had been instructed by other girls in this employment how to operate it, it affirmatively appears that this girl had been told to keep away from the elevator. She was not engaged in any work for the benefit of her employer, but on the contrary was endeavoring to favor herself by avoiding the extra effort she would have to make going up the two flights of stairs. Under such circumstances the courts have held that a claimant, or a claimant's intestate, was not acting in the course of the employment, and was not engaged in the work for which she was employed. (*Rendino* v. *Continental Can Co.*, 186 App. Div. 924; revd., 226 N. Y. 565.) In the above-cited case a boy seventeen years old, after finishing his day's work, attempted to operate a stamping machine in violation of the orders of his employer and was injured; held, he could not recover compensation. In *Matter of Di Salvio* v. *Menihan Co.* (225 N. Y. 123) the claimant left his post and went across the room in which he was working to say good bye to a fellow-employee who was going away to enter the army. He was injured while away from his station in the employment, but in the same room. It was held that the accident did not arise out of and in the course of his employment. Subdivision 7 of section 3 of the Workmen's Compensation Law* is construed in

* Amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705. Now Consol. Laws, chap. 67 (Laws of 1922, chap. 615), § 2, subd. 7.— [Rep.

*Matter of Gifford* v. *Patterson, Inc.* (222 N. Y. 4) contrary to the contention of respondents.

The award should be reversed and claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.

