Before STATE INDUSTRIAL BOARD, Respondent.

JENNIE L. McQUIVEY, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.

Third Department, November 13, 1924.

**Workmen's compensation — claimant's intestate was burned to death while sleeping in paint shop where he worked — intestate slept in paint shop contrary to specific instructions of employer — injury did not arise out of and in course of employment.**

The claimant's intestate, who was burned to death in the night time while sleeping in the paint shop in which he worked, was not killed as the result of an injury arising out of and in the course of his employment, since it appears that, while at the time of his employment and for some time thereafter he with other employees was permitted, but not required, to sleep in the paint shop where he worked, the permission was withdrawn prior to the accident and the intestate was warned several times thereafter that he must sleep elsewhere, but continued to sleep in the paint shop.

APPEAL by the defendant, International Railway Company, from an award of the State Industrial Board made on the 17th day of July, 1923.

*Penney, Killeen & Nye* [*Frederic R. Twelvetrees* of counsel], for the appellant.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the State Industrial Board.

H. T. KELLOGG, J.:

The employer was engaged in operating a surface railroad. On or about July 1, 1922, its trainmen and mechanics went out on strike. The employer engaged strikebreakers to take their places. The claimant's husband, Edward McQuivey, was employed on the sixteenth of September, at which time the strike was still on. His

working hours were from seven-thirty A. M. to five-thirty P. M.      It became his duty to assist in painting certain railway cars of his employer which were housed in a paint shop.      McQuivey, together with other painters, was permitted, though not required, to sleep in the paint shop.      The permission was withdrawn during the latter part of October, 1922.      Orders were then issued requiring all employees to sleep elsewhere than upon the employer's premises unless they chose to take up their quarters in a building of the employer known as the "bunk house."      McQuivey continued to sleep in the paint house.      He was warned by his foreman upon several occasions that he must sleep elsewhere.      Every time he was warned he answered that he would move out right away.      He continued to sleep upon the premises until December 13, 1922.      At five o'clock in the morning of that day a fire broke out in the paint shop and McQuivey was burned to death in the car in which he was sleeping. It is undisputed that claimant slept in the paint shop in violation of his employer's orders.      That being so, he could not have been in the course of his employment when the accident occurred.      Moreover, sleeping in the paint shop, whether permitted or not, was a mere privilege extended, and did not involve a service to the employer.

The award should be reversed and the claim dismissed, with costs against the Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.