Before State Industrial Board, Respondent.

Albert Bertram Knickman, Respondent, *v.* Zurich General Accident and Liability Insurance Company, Ltd., Appellant.

Third Department, January 6, 1926.

Workmen's compensation — accidental injury arising out of and in course of employment — injury suffered by employee when he was operating his own automobile for employer's benefit but contrary to specific instructions did not arise out of and in course of employment.

The claimant, who suffered an injury while operating his own automobile for the benefit of his employer, did not suffer an injury arising out of and in the course of his employment, since it appears that he had been specifically instructed not to use his own automobile in his employer's business.

Appeal by Zurich General Accident and Liability Insurance Company, Ltd., from an award of the State Industrial Board, made on the 19th day of June, 1925.

*Alfred W. Andrews* [*Edward P. Lyon* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Cochrane, P. J. The employer is an insurance company engaged in the business of insuring employers against accidents to their employees. The facts are found by the Board as follows:

" On January 13, 1925, Albert Bertram Knickman was working for his employer, auditing payrolls of his employer's insured and after he had completed his work in Jamaica, Long Island, and learned that it would be impossible for him to reach his next insured at Rockaway Beach by train in reasonable time, he returned to his home for the purpose of operating his automobile so as to reach his destination at Rockaway Beach in a reasonable time in the afternoon to audit payrolls of several of the employer's insured. His decision to operate his own car for the purpose mentioned was solely for the benefit of his employer and not for his own convenience.

" On January 13, 1925, at about 11:30 A. M., while cranking the engine of his automobile, the engine back-fired and the crank of the automobile struck him on the right wrist and as a result, he received a fracture to his right wrist that totally disabled him from January 13, 1925, to April 29, 1925, on which latter date he was still disabled."

The employer owned twelve automobiles which were used by its employees at their discretion. The claimant, however, was using his own automobile. The parties entered into written stipulation which was received in evidence by the Board and which among other things stated that the employer has " no knowledge of any employees operating their own cars for Company business. The Company has considered the practice economically unsound and has specifically prohibited employees from using their own cars for Company business." Therefore, although the Board has found that the operation of his own automobile by the claimant " was solely for the benefit of his employer and not for his own convenience," such operation was a disobedient act specifically prohibited which placed claimant outside the scope of his employment and precludes an award. The case of *Matter of Kingsley* v. *Donovan* (169 App. Div. 828) was materially different, because in that case claimant was not indulging in an act of disobedience.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.