Before STATE INDUSTRIAL BOARD, Respondent.

ANNIE ERDBERG, Respondent, *v.* UNITED TEXTILE PRINT WORKS and Another, Appellants.

Third Department, May 5, 1926.

Workmen's compensation — boy, sixteen years old, was employed to wash cloths in dyeing establishment — cloths stuck in reel above vat of hot water — boy mounted rim of vat to release cloths and fell into vat suffering injuries from which he died — fact that he climbed on vat contrary to instructions did not take him out of employment — award for death was proper.

A boy sixteen years of age who was employed to wash cloths in a dyeing establishment was not outside of his employment when he climbed on the rim of a vat

containing hot water for the purpose of releasing cloths that had become stuck in a reel of the vat, notwithstanding that he was instructed not to climb upon the vat, for his disobedience related to the manner of doing the work at the required place and time and the accident did not result while he was doing work which he was forbidden to do, and, therefore, an award for his death which resulted from falling into the hot water, was proper.

APPEAL by United Textile Print Works and another from an award of the State Industrial Board, made on the 4th day of August, 1925.

*T. Carlyle Jones* [*William H. Foster* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.   The employer, in the course of the business of printing muslins, uses certain cloths known as " grays." The muslins to be printed are placed on tables covered with the grays. The grays are designed to take up the surplus color which passes through the muslins in the course of the printing operation. It is necessary to wash the grays frequently. For this purpose a large tank or vat is provided which is filled with hot water. There is a reel at the top, through which the grays pass. Sometimes the cloths, which are fifteen to twenty yards in length, get " stuck " and have to be pulled and straightened out. The height of the vat is variously given as four feet or five feet. The claimant's son Henry, a boy of sixteen, was employed, among other things, to wash the grays. His height has been given as four feet four inches or four feet five inches. Standing at the side of the tank, therefore, his head overtopped the tank not more than five inches. Upon the occasion in question, while Henry was engaged in washing grays, the grays got " stuck," and he mounted the rim of the tank in order to straighten them out. He slipped and fell into the hot water and was so severely scalded that he died. It is claimed that, as Henry had been forbidden to climb upon the tank, he was not in the course of his employment when the accident occurred.

The disobedience of an order may do no more than to establish a fault on the part of an injured employee. In that case the employee would not lose his right to compensation. The order, however, may go further. It may so restrict the activities of the employee that its violation would place him outside the sphere of his employment, in which case compensation would not be payable. Thus a machine operator whose employment requires him to oil the machine is not outside the sphere of his employment if, against orders, he oils it when the machine is in motion. (*Macechko* v. *Bowen Mfg. Co.,* 179 App. Div. 573; *Fox* v. *Truslow & Fulle, Inc.,*

204 id. 584.) On the other hand, if oiling the machine is at all times forbidden, he is beyond the sphere of his employment if he is injured in the course of doing the thing forbidden. (*Yodakis v. Smith & Sons Carpet Co.,* 193 App. Div. 150.) In the latter instance the employee would be doing work absolutely forbidden; whereas in the former he would be doing the work of his employment but in a forbidden manner. An employee riding upon and operating a freight elevator, contrary to a rule, is outside the sphere of his employment. (*Ebberman v. Walther & Co.,* 209 App. Div. 248.) So also, if he experiments with a machine which he is not employed, but on the contrary is forbidden, to run. (*Matter of Rendino v. Continental Can Co.,* 226 N. Y. 565.) It is clear also that an employer's order might be effective to limit the sphere of employment, not only where it restricts the activities of the employee, but likewise where it confines the exercise of such activities to a certain time and place. Thus, if an employee were required to work in a given room of a plant, and forbidden to work in any other room, or were forbidden to use any other means of access than one specified, his breach of the rule would take him outside of the employment. In *Barnes v. Nunnery Colliery Co., Ltd.* (L. R. [1912] A. C. 44; 5 B. W. C. C. 195) a workman proceeding to his work in a colliery instead of walking, rode in an empty tub, which he was forbidden to do, and was killed. It was held that he was not in the course of his employment and that an award did not lie. An employee who slept, against orders, in a paint shop at the plant of his employer, was held by us not to be in the course of his employment. (*McQuivey v. International Railway Co.,* 210 App. Div. 507.) An employee who cleaned a machine at forbidden times would be outside his employment. (*Fox v. Truslow & Fulle, Inc., supra.*)

In the case at bar the employee, at the time of the accident, was doing the work which he was employed to do. He was washing grays in the very tank provided by his employer, and was doing it within working hours. He disobeyed orders in that he attempted to do the washing, not in the wrong vat or in the wrong room or at the wrong time, but while sitting on the rim of the tank instead of standing by its side. On account of his low stature, compared to the height of the tank, it was reasonably necessary for him to mount the tank, in order to do the work. We think his disobedience related to the manner of doing the work of his employer at the required place and time, and that it did not place the employee outside the sphere of his employment. The case is very like the English case of *Blair & Co., Ltd., v. Chilton* (8 B. W. C. C. 324). In that case a workman was employed to turn a wheel in a rolling machine and obliged to stand upon a high platform while so doing.

Contrary to orders he sat upon the guard to rest himself while turning the wheel, with the result that his foot was caught in the roller and he was seriously injured.    It was held by the House of Lords that the employee was within the sphere of his employment though doing his work in a wrong way, and that the accident arose out of and in the course of his employment.    Earl LOREBURN, in his opinion, said:  " In my opinion, PICKFORD, L. J., sums up the whole of the facts in saying this:  ' This, I think, is doing his work in a wrong way, and not doing something outside his sphere.'  *  *  *  I am bound to say that I think it is an extremely clear case.    This is the very kind of thing for which the Act was passed." We think that, in the case at bar, the accident arose out of and in the course of the employment.

The award should be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs to the State Industrial Board.