ready and willing to perform if such payment was made; they were justified in refusing to continue. *Second.* That the defendants other than the National Surety Company are entitled to the dismissal of the complaint and that by reason of the failure of the plaintiff to carry out the terms of the contract entered into on the 19th day of October, 1926, between the plaintiff and defendants other than the National Surety Company, the defendants Philip Schaefer and James Haines, doing business under the firm name and style of Schaefer Construction Company are entitled to damages sustained by them by reason of the breach of contract by the plaintiff. *Third.* That the defendants other than the National Surety Company are entitled to recover judgment against the plaintiff in the sum of $1,043.15, with interest from February 4, 1927. *Fourth.* That the defendant the National Surety Company is entitled to judgment dismissing the complaint herein as against it.

HENRY SCHULDT, JR., and Others, Respondents, v. BENJAMIN CHUCKROW and Others, Appellants.— Judgment modified by striking therefrom the provision directing judgment for a deficiency, found against the defendant Chuckrow personally, and as so modified affirmed, with costs to the respondents. Van Kirk, P. J., Hinman, Davis, Whitmyer and Hasbrouck, JJ., concur.

In the Matter of ALEXANDER.— Petition dismissed. Present — Van Kirk, P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ.

In the Matter of HERRICK.— Petition dismissed. Present — Van Kirk, P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ.

In the Matter of LYMAN H. BEVANS, an Attorney.— Motion to have some one appointed in place of Urbane C. Lyons to prosecute above-entitled proceeding denied. Present — Van Kirk, P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ.

In the Matter of the Claim of LOUIS LAUFROUBEN and Others, Respondents, against TWELVE EAST EIGHTY-SIXTH STREET CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award reversed, and claim dismissed, with costs against the State Industrial Board, on the ground that the deceased had no authority to operate elevator, and that there is no evidence to sustain the finding that it was customary for employees occupying the same position as the deceased to do so, or that any superior of deceased had observed him from time to time using the elevator in his employment; and on the authority of *Hamberg* v. *Flower City Specialty Co.* (202 App. Div. 113) and *Ebberman* v. *Walther & Co.* (209 id. 248). Van Kirk, P. J., Hinman and Davis, JJ., concur; Hill and Hasbrouck, JJ., dissent and vote for affirmance.

In the Matter of the Claim of ALBINA ROVERO, Respondent, against LEO BENAZZI and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board. Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.

In the Matter of the Claim of GEORGE HANNAHAN, Respondent, against SNOW HOLDING COMPANY and ERNEST TRIBELHORN and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board. Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.

In the Matter of the Claim of JOHN PASQUA, Respondent, against THE CONEY ISLAND PLUMBING AND HEATING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to