## THIRD DEPARTMENT, JUNE, 1930.

In the Matter of the Claim of ROBERT J. HYATT, Respondent, against UNITED STATES RUBBER RECLAIMING Co., INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. Under the authorities the claimant was not in the course of his employment when he was injured. It is true that he was acting in the interests of his employer; that is, he was seeking to hurry work which he was authorized to do in his own department. But, in order to do this, he went to another department and, contrary to an existing rule known to him, he attempted to saw

a board with a ripsaw. In *Erdberg* v. *United Textile Print Works* (216 App. Div. 574) we said: " The disobedience of an order may do no more than to establish a fault on the part of an injured employee. In that case the employee would not lose his right to compensation. The order, however, may go further. It may so restrict the activities of the employee that its violation would place him outside the sphere of his employment, in which case compensation would not be payable." The employee " is beyond the sphere of his employment if he is injured in the course of doing the thing forbidden." (*Yodakis* v. *Smith & Sons Carpet Co.*, 193 App. Div. 150; *Ebberman* v. *Walther & Co.*, 209 id. 248.) The order or rule of the employer restricted the activities of claimant; it excluded him from working on a machine in the mechanical department. When injured, he was not doing that for which he was employed. He was performing an act not contemplated by his employment under the rule which he says had been promulgated and of which he was informed. When doing the thing forbidden, he was outside his employment. Van Kirk, P. J., Hinman, Davis and Whitmyer, JJ., concur; Hill, J., dissents and votes to affirm. Award reversed and claim dismissed, with costs against the State Industrial Board.