SOL TAUB and Others, Respondents, *v.* THE NEW YORK BOARD OF FIRE UNDERWRITERS, Appellant.

First Department, June 20, 1933.

*William B. Davis* of counsel [*E. C. Sherwood,* attorney], for the appellant.

*Arthur F. Driscoll* of counsel [*George D. Bradford* and *Sidney G. Rosenbloom* with him on the brief; *Tessie L. Segel,* attorney], for the respondents.

MARTIN, J. In the above-entitled actions these judgments were rendered against defendant. Sol Taub recovered a judgment for $2,707.15, Yetta Pikerevich, one for $750, and Benny Weinstein, one for $750, for personal injuries alleged to have been sustained as a result of an accident in which they were struck by an automobile owned and operated by one Melchior Heymann, an employee of the defendant, New York Board of Fire Underwriters.

The purpose for which the defendant has been organized is well known. The duties of its employees, including Heymann, are similar to those of the uniformed firemen of the city. They wear uniforms bearing a likeness to those of firemen and have regular periods of duty as fire patrolmen at the various fire patrol stations in the city, where they sleep and remain on call in case of a fire. They respond to fire alarms with the city's official firemen and ride on the fire apparatus of the defendant. On the day in question Heymann had been delegated as a messenger and as such he was required to visit a number of fire patrol stations in the city during the early hours of the morning to collect reports of the fires that had occurred during the previous twenty-four hours. He was relieving the regular messenger, Joseph Ward, who was on sick leave. On three occasions prior to the day of the accident Heymann had performed similar duties.

On April 29, 1928, at about three-fifteen A. M. the plaintiffs were walking across One Hundred and Tenth street at Fifth avenue in the borough of Manhattan, city of New York. It was testified that the atmosphere was very misty. When they were about twenty to thirty feet west of the curbing they stepped from between several parked taxicabs and proceeded side by side in a southerly direction. A taxicab, proceeding in a westerly direction, stopped suddenly to avoid hitting them. Heymann had been driving in the rear and to the left of the taxicab and when it stopped in front of him he continued on to its left side. While attempting to pass in front of the cab the plaintiffs then stepped into the path of Heymann's car and were struck and injured.

At the time of the accident Heymann was operating his car at a speed of from ten to fifteen miles per hour. It was established upon the trial that he was proceeding so slowly that one of the plaintiffs was able to seize the radiator cap of the car and ride with the car for a short distance. Heymann testified that the car did not belong to the defendant, but was owned by him, and that he was using it in violation of the defendant's orders while acting as messenger and picking up reports at the fire patrol stations in the city. He is not a party to these actions, the plaintiffs having elected to sue the defendant as the employer of Heymann.

The actions are brought upon the theory that, at the time Heymann was using the car, he was acting within the scope of his employment by defendant and was doing so with the knowledge and consent of the defendant, and upon the further ground that, at the time of the accident, he was in uniform and engaged on the business of the defendant.

The defendant contends, however, that the use of a car by Heymann was a violation of the orders of the defendant and that he was not acting within the scope of his employment; that despite the definite allegation in the complaint that Heymann was operating his car within the scope of his employment and the denial in the answer, the plaintiffs offered no proof that Heymann was using the car with the knowledge or consent of the defendant. The defendant further contends that in any event Heymann was not negligent in the operation of his car and that the plaintiffs were guilty of contributory negligence.

The plaintiffs read in evidence the deposition of one Espy, an inspector of the defendant, in which he was asked where Heymann was going at the time of the accident and immediately before that time, and the reply was that he was supposed to leave a certain patrol station at three A. M. and proceed by trolley, elevated or subway to several patrol stations and pick up reports. Espy said he did not know until after the accident that Heymann had used his own car.

The defendant produced at the trial a copy of the order of the defendant prohibiting the use of automobiles while on the business of the defendant. The order reads as follows: " The use of their private automobiles by Members, while on business for the Department is forbidden.

" The driving or operating of private automobiles by Members while in uniform is also prohibited."

Although it was shown that Heymann, while in uniform, was using his own private automobile on business of the defendant,

there is no doubt that the defendant proved it was in violation of the above order.

At the close of the entire case the defendant moved to dismiss the complaint on the ground that it appeared affirmatively that the car was not at the time of the accident in the control of the defendant; that it was not defendant's car; and that it was driven by its employee without the authority or consent of the defendant, in violation of the instructions given him by the defendant that he should not use a private automobile while on duty or while in uniform. The motion was denied and an exception taken.

The cases are numerous to the effect that in order to recover plaintiffs must prove that the employee was acting within the scope of his employment.

In *O'Loughlin* v. *Mackey* (182 App. Div. 637) the court held that an employer was not liable for personal injuries caused by an employee who, while driving a borrowed automobile, injured a pedestrian. It was shown that said employee was not employed to drive the motor car, was not a licensed chauffeur and that the car was not owned or furnished by the defendant who had no knowledge that it was being used by the employee, there being nothing which made it necessary for him to drive the car.

In *Knickman* v. *Zurich General Accident & Liability Ins. Co.* (215 App. Div. 56) an award by the State Industrial Board was reversed and the claim of an employee dismissed by the Appellate Division, Third Department, where the employee in violation of a rule of the defendant employer operated his own car on the business of the defendant, the court holding that such operation was a disobedient act specifically prohibited by the employer which placed the claimant outside the scope of his employment and precluded the granting of any award.

The *per curiam* opinion in *Matter of Hyatt* v. *United States Rubber Reclaiming Co., Inc.* (230 App. Div. 743; affd., 256 N. Y. 571) sets forth the law on the subject of whether an employee violating a specific rule of his employer is acting within the scope of his employment. The court there said: " Under the authorities the claimant was not in the course of his employment when he was injured. It is true that he was acting in the interests of his employer; that is, he was seeking to hurry work which he was authorized to do in his own department. But, in order to do this, he went to another department and, contrary to an existing rule known to him, he attempted to saw a board with a ripsaw. In *Erdberg* v. *United Textile Print Works* (216 App. Div. 574) we said: ' The disobedience of an order may do no more than to establish a fault on the part of an injured employee. In that case the employee would not lose

his right to compensation. The order, however, may go further. It may so restrict the activities of the employee that its violation would place him outside the sphere of his employment, in which case compensation would not be payable.' The employee ' is beyond the sphere of his employment if he is injured in the course of doing the thing forbidden.' (*Yodakis* v. *Smith & Sons Carpet Co.*, 193 App. Div. 150; *Ebberman* v. *Walther & Co.*, 209 id. 248.) The order or rule of the employer restricted the activities of claimant; it excluded him from working on a machine in the mechanical department. When injured, he was not doing that for which he was employed. He was performing an act not contemplated by his employement under the rule which he says had been promulgated and of which he was informed. When doing the thing forbidden he was outside his employment."

The cases interpreting section 59 of the Vehicle and Traffic Law hold that an owner is not liable where he restricts the use of the car by the party to whom he gives permission for its use. (*Chaika* v. *Vandenberg*, 252 N. Y. 101.) It seems clear, therefore, that one who does not own the car may by appropriate command or prohibition avoid being subjected to liability arising out of the negligence of an employee in the operation of the latter's own automobile.

In the case under consideration Heymann was acting as a messenger only to collect reports which were not bulky and did not require the use of an automobile. He had nothing else to do on this trip and there was no definite, limited time within which he was required to complete his task.

Where a person is directed to deliver a message and he sees fit to use his own automobile in violation of the rules of his employer and without his knowledge, in the absence of some additional facts, the employer who sends the message is not liable for the negligent operation by the messenger of his own automobile.

The judgment must also be reversed because of several errors in the charge of the court. The court charged that the fact that Heymann disobeyed the instructions of his employer in using the automobile was immaterial and would not, in and of itself, relieve the defendant of the responsibility for the accident. The jury was also instructed to disregard all question of the control of the machine. This charge was excepted to by the defendant's counsel. The court also charged that as the driver of the automobile was acting in the discharge of his duties as messenger of the defendant, he was engaged in the business of the employer and within the scope of his employment, and that it was immaterial that the rules, orders or instructions of the defendant were disregarded.

In addition to the charge being erroneous in several respects and the fact that the defendant is not liable for the accident, the three plaintiffs were guilty of contributory negligence. Heymann stopped his car as soon as he saw the taxicab stop, swinging to the left, but was unable to avoid striking the plaintiffs who stepped in front of his car.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MERRELL, O'MALLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.