OPINION OF THE COURT
Jasen, J.
The claimant, Sue Greene, was employed by the respondent, City of New York Department of Social Services, in the capacity of a homemaker. As such, she was required to travel each working day to the homes of several designated clients to provide domestic services for them. Homemakers were not authorized to use their private automobiles in carrying out their assigned tasks, unless permission was obtained. Although claimant never sought authorization to use her private automobile, she elected, nevertheless, on occasion, without informing her supervisor, to drive to her work assignments to avoid the inconvenience of public transportation. December 10, 1974 was one of those occasions when she used a private car for work purposes. At about 2:00 p.m., while en route to her second assignment of the day, she collided with a truck, and sustained hip injuries which prevented her from working for several months.
Claimant sought workmen’s compensation benefits for the injuries she sustained. After a hearing, the referee disallowed the claim and the Workmen’s Compensation Board affirmed on the ground that "claimant used her car for personal reasons without the consent or knowledge of her employer and therefore her accident did not arise out of and in the course of her employment.” A closely divided Appellate Division affirmed, noting that "Under these circumstances, the increase in the risks to the employer resulting from claimant’s conduct are obvious, and the record plainly indicates a viola *325 tion by claimant of an 'implied prohibition’ at minimum [citation omitted].”
The issue presented in its most simple terms is whether, for purposes of the Workmen’s Compensation Law, claimant was within the course of her employment, as a matter of law, when the accident occurred. Respondents contend that appellant, in using her vehicle without obtaining or even seeking authorization, engaged in an activity impliedly prohibited by her employer, and that she was, therefore, not within the course of her employment at the time of the accident. Although it may be true that appellant did violate an implied prohibition, we cannot agree on the record before us that this violation removed her from the course of her employment, thereby rendering her ineligible for workmen’s compensation benefits.
 As a general rule, employees are not deemed to be within the scope of their employment while traveling to and from work. (Van Gee v Korts, 252 NY 241; 65 NY Jur, Workmen’s Compensation, § 360.) This rule recognizes that the risks inherent in traveling to and from work relate to the employment only in the most marginal sense. Usually, injuries arising while traveling to and from the place of work are neither directly nor incidentally related to employment, and are, therefore, not compensable. An exception to this general rule, however, allows for compensation where an "outside worker” is injured while engaged in work-related travel. (Matter of Bennett v Marine Works, 273 NY 429.) Such employees, who do not work at one fixed location, are required in conjunction with their employment to travel from one location of work to another. Under such circumstances, the risks of travel do arise in the course of employment.
There can be little doubt that the claimant in this case was an "outside worker”. As a homemaker, she did not perform her duties at a particular location, but, instead, she was required to travel, in accordance with the assignments given by her supervisor, to several locations during the course of the working day.
It is argued, however, that claimant, in violating the implied prohibition that she not use her car for work-related transportation, was not in the course of her employment when the accident occurred. The question, therefore, remains whether the unauthorized use of a private automobile, under the circumstances present here, constituted such a deviation *326 and departure of the employer’s rules of employment as to fall outside the course of claimant’s employment. We think not. As an "outside worker”, it was necessary for claimant, as part of her job, not only to provide domestic services to her clients, but also to travel between her clients’ homes to carry out her work responsibilities. The travel between her clients’ homes was an integral part of her duties. At the time of the accident, claimant, in traveling to an assigned client during regular working hours, was doing exactly what she had been employed to do. While she disobeyed her employer’s implied prohibition against using her own automobile in traveling to her assignments, she was in all other respects performing her assigned work. Under such circumstances, we believe her disobedience related solely to the manner of doing the work specifically assigned to her. As such, violation of a prohibition, related to the manner of travel, whether express or implied, should not place the claimant outside the course of her employment for the purposes of the Workmen’s Compensation Law. (Erdberg v United Textile Print Works, 216 App Div 574.) This conclusion is not only supported by logic, but also promotes "the fundamental concept that the Workmen’s Compensation Law, being remedial in character, is to be construed liberally to accomplish the economic and humanitarian objects of the act”. (Husted v Seneca Steel Serv., 41 NY2d 140, 145.) Thus, we hold, as a matter of law, that the Workmen’s Compensation Board was not justified in ruling that the accident which occurred while claimant was traveling between clients’ homes in her automobile was not compensable. The substantial evidence test, usually appropriate in reviewing a board’s determination, is, therefore, not applicable under these circumstances.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division, Third Department, with directions to remand to the Workers’* Compensation Board for a determination of the amount to be awarded to claimant.

 By amendment the Workmen’s Compensation Board is now known as the Workers’ Compensation Board. (L 1978, ch 79, eff April 18, 1978.)