◼ In the Matter of the Claim of GLENORA MERCHANT, Appellant, v PINKERTON'S, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed August 4, 1977, which disallowed a claim under the Workers' Compensation Law. The facts are not in dispute. Decedent was employed by Pinkerton's, Inc., as a security guard. Although he was advised by his employer concerning a rule prohibiting the carrying of firearms while on duty, decedent died as a result of an accidental discharge of a pistol he had in his possession while on duty. The board found that decedent's unauthorized carrying of a gun while on duty was a violation of a strictly enforced work rule. It was concluded by the board that decedent's fatal injury did not arise out of and in the course of his employment. Consequently, the claim for death benefits was disallowed. This appeal ensued. In cases involving a violation of a regulation of the employer, it is the general rule that if the prohibition relates only to the manner of doing the employer's work a violation of the prohibition does not place the employee outside the course of his employment for the purposes of the Workers' Compensation Law *(Matter of Greene v City of New York Dept. of Social Servs.,* 44 NY2d 322; *Matter of Kilgore v Fragola,* 14 AD2d 612; *Erdberg v United Textile Print Works,* 216 App Div 574; *Matter of Macechko v Bowen Mfg. Co.,* 179 App Div 573). In the present case, we are of the opinion that the prohibition against carrying a gun did not limit the sphere of decedent's employment, but rather it restricted the manner in which decedent was to perform his work. Consequently, decedent's violation of the rule did not place him outside the course of his employment. This court is bound by the board's findings of fact including the ultimate fact of "arising out of and in the course of" employment, and such findings may not be disturbed unless erroneous in law *(Matter of Young v Henry M. Young, Inc.,* 56 AD2d 941, 942). We conclude, as a matter of law, that the board erred in disallowing the claim. Accordingly, the decision should be reversed. Decision reversed,

with costs, claim reinstated and matter remitted for further proceedings not inconsistent herewith. Sweeney, Staley, Jr., and Mikoll, JJ., concur.

Greenblott, J. P., and Herlihy, J., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). The board in its decision concluded as follows: "Upon review, the Board Panel finds on the basis of the credible evidence in the record that the decedent's unauthorized carrying of a gun while on duty was a violation of a strictly enforced work rule and the fatal injury that resulted therefrom did not arise out of and in the course of the employment." The board made no specific finding, but it is undisputed on this appeal that the claimant's death was neither a suicide nor a homicide, but was accidental. The claim states that the "pistol accidently discharged". Viewing the above-quoted language as holding that a violation of a work rule precludes an incident from arising in and out of the employment, we would agree with the majority that the board has committed legal error (see, e.g., *Matter of Kilgore v Fragola,* 14 AD2d 612). However, giving credence to the work rule (as we must because the board's finding on credibility is binding), the record contains ample evidence to establish that the carrying of the pistol was a purely personal matter unrelated to the employment. The weapon was neither a tool of the workman nor an implement actually utilized in carrying out the employment. There is nothing to suggest that the weapon could have discharged as the result of a fall or other work-connected incident. Accordingly, the presumption of a compensable incident otherwise applicable by virtue of section 21 of the Workers' Compensation Law has been negated (cf. *Matter of McCormack v National City Bank of N. Y.,* 303 NY 5, 10-11). Finally, this case is so analogous to the case of *Matter of Appleberry v Moskowitz* (50 AD2d 1001) as to require affirmance. The decision appealed from should be affirmed.