Before STATE INDUSTRIAL BOARD, Respondent.

CHARLES D. Fox, Claimant, Respondent, *v.* TRUSLOW & FULLE, INC., and Another, Appellants.

Third Department, March 7, 1923.

Workmen's compensation — injury arising out of and in course of employment — employee was injured while cleaning moving machine contrary to rules — cleaning machine was duty of employee — no definite hours fixed by employer in which to clean machine — injury was suffered in course of employment.

An employee suffers an injury in the course of her employment, where it appears that the injury which ultimately caused her death was suffered while she was cleaning a machine on which she was working at a time when it was in motion; that it was against the rules of the employer to clean the machine while in motion; that it was her duty to keep the machine clean and that the employer had not set apart definite hours for the operation of the machine and definite hours for its cleaning, though there was evidence that the employer gave its employees time to clean their machines late in the afternoon of each day while they were not in motion, but there was no proof that they were forbidden to clean their machines during other hours of the day if the machines were not then in motion.

*It seems,* that if the employer had set apart definite hours for the operation of the machine as well as a definite period for its cleaning, the cleaning of the machine in operating hours would have taken the deceased employee outside the sphere of her employment.

Appeal by the defendants, Truslow & Fulle, Inc., and another, from an award of the State Industrial Board, made on the 18th day of July, 1922.

*Clarence B. Tippett,* for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. Kellogg, Acting P. J.:

The deceased was a machine attendant in the plant of the employer. She received a cut upon her wrist while cleaning a machine which was then in motion. Infection set in at the site of the cut with the result that death soon after followed. The cleaning of a machine while in motion was strictly forbidden by the employer. The question in the case, therefore, is whether the deceased employee, by doing the thing forbidden, stepped out of her employment.

In *Macechko* v. *Bowen Mfg. Company* (179 App. Div. 573) an employee, who was engaged in operating a power press, in order to remove pieces of steel which had caught in the die, in violation of rules, inserted his hand into the press while it was in motion and was injured. We held that, although he did a forbidden thing, he was acting in the course of his employment and was entitled to an award. In *Yodakis* v. *Smith & Sons Carpet Company* (193 App. Div. 150) an employee inserted his arm behind a guard upon a machine then in operation, in order to place a gritty substance upon the machine belt to prevent slipping, and while so doing received an injury. In that case the employer had assigned to a separate gang, to which the injured employee did not belong, the performance of all machine repair work, including such work as was attempted to be done by the employee. We held that the employee was not entitled to an award. The difference between the two cases is obvious. In the *Macechko* case the employee was doing the work which he was employed to do, although doing it in a careless and forbidden way. In the *Yodakis* case the employee was doing work which it was the duty of others than himself to do. The former was within the sphere of his employment while the latter was outside the sphere of his employment. In this case it was the duty of the deceased employee to clean the machine as well as to operate it. The appellant urges that the employee was injured during a period of time when the duties

of her employment called for the operation but not for the cleaning of the machine. We may concede that if the employer had set apart definite hours for the operation of the machine as well as a definite period for its cleaning, the cleaning of the machine in operating hours or the operating of the machine in cleaning hours would have taken the deceased employee outside the sphere of her employment. The difficulty is that the proof does not establish the case assumed. The employer's foreman testified that the employer gave its employees time to clean their machines; that they had time to clean their machines from five P. M. to five-thirty P. M., on days other than Saturdays; that on Saturdays they had time from ten-thirty A. M. to twelve M.; that during these times the machines were not in motion. No one testified that employees were forbidden to clean their machines during other hours of the day if the machines were not then in motion. Therefore, the deceased employee who cleaned her machine between one and two P. M., although she violated the rules of her employer in thus acting while the machine was in operation, did not clean during a period strictly devoted to operation and did not thereby step out from the sphere of her employment. Any other holding would result in the conclusion that a violation of rules involved a cessation of employment. That conclusion would enable employers, through the adoption of comprehensive rules, to avoid liability in all cases where employees received injuries in part due to their own fault. Such a result would be in plain antagonism to the purposes of the Workmen's Compensation Law.

The award should be affirmed, with costs to the State Industrial Board.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Award unanimously affirmed, with costs in favor of the State Industrial Board.