records of the weather bureau, it had been snowing all day and up until ten-fifty P. M. and continued sleeting thereafter, with a high wind blowing all the time. The accident happened at about eleven P. M., at which time there was an accumulation of snow and ice in front of the defendant's store, presenting an uneven, hummocky surface, made so by the feet of the persons passing in and out of the store. The Appellate Division held that defendant was not chargeable with negligence in failing to keep the doorway clear of snow under such circumstances.

*William Macy* and *Joseph I. Green* for appellant.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Claim of CHARLES D. FOX, Respondent, *v.* TRUSLOW & FULLE, INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — when compensation properly awarded for death of employee injured while doing an act forbidden by employer.*

*Matter of Fox* v. *Truslow & Fulle, Inc.*, 204 App. Div. 584, affirmed.
(Submitted June 14, 1923; decided July 13, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 14, 1923, unanimously affirming an award of the state industrial board made under the Workmen's Compensation Law. The deceased was a machine attendant in the plant of the employer. She received a cut upon her wrist while cleaning a machine which was then in motion. Infection set in at the site of the cut with the result that death soon after followed. The cleaning of a machine while in motion was strictly forbidden by the employer. The question in the case,

therefore, was whether the deceased employee, by doing the thing forbidden, stepped out of her employment.

*Clarence B. Tippett* for appellants.

*Carl Sherman, Attorney-General (E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DOUGLAS PACKING COMPANY, INC., Appellant.

(Submitted July 13, 1923; decided July 13, 1923.)

Motion to amend remittitur denied, with ten dollars costs and necessary printing disbursements. (See 236 N. Y. 1.)

---

MINNA G. HASKELL, Appellant and Respondent, *v.* WILLIAM S. HASKELL, Respondent and Appellant.

*Husband and wife — parent and child — when husband not liable for amount expended by wife in support of infant child.*

*Haskell* v. *Haskell*, 201 App. Div. 414, affirmed.

(Argued June 11, 1923; decided October 2, 1923.)

APPEAL by plaintiff from a judgment entered June 6, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. Also appeal by defendant from an order of said Appellate Division entered July 6, 1922, resettling said order of reversal. The action was brought by a wife to recover from her husband moneys advanced by her out of her separate estate for the support and maintenance of the infant son of the parties while the husband and wife were living separate and apart. The amended answer set up as an affirmative defense that the infant son of the parties, in pursuance of a separation agreement entered into between the parties hereto, was