In the Matter of the Claim of RAPHAEL CHIARA, Appellant, against VILLA CHARLOTTE BRONTE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the claimant from a decision of the Workmen's Compensation Board, dated and filed October 10, 1946, disallowing and dismissing claimant's claim. The claimant was employed as a house super-intendent in an apartment house. Some of his duties consisted of collecting garbage and carrying the same downstairs in baskets. The baskets when filled with garbage weighed from sixty to seventy pounds. On November 3, 1944, while collecting the garbage and on his last trip to the incinerator, he felt a burning sensation in his chest and cold perspiration running all over him. He immediately went to his apartment and upon examination by a physician was hospitalized, and it appeared from the evidence that he suffered an acute coronary occlusion. The board found that the proof adduced was " of insuffi-cient nature to warrant finding that the claimant sustained an accident arising out of and in the course of his employment." Therefore, there was no causal relation between claimant's disabling condition and his employment. The evi-dence sustains the finding of the board. Decision affirmed, without costs. Heffernan, Brewster, Foster and Russell, JJ., concur; Hill, P. J., dissents, with the following memorandum: The statute gives to the referee and the board complete jurisdiction when a question of fact is presented. The medical evi-dence on behalf of the claimant shows causal relation. The employer's physician said: " There is no question of a coronary occlusion was due to coronary sclerosis, it is always due to coronary sclerosis, physical effort is not the cause of coronary sclerosis and coronary sclerosis is the cause of coronary thrombosis, therefore there is no causal relation. * * * No, effort is not the cause of coronary occlusion, and there is no question that the patient had a coronary occlusion; there are cases just as often when coronary occlusion occurs, while people are at rest and sometimes in bed." Hundreds of awards have been made and affirmed upon a theory at variance with the quoted testimony. I vote to reverse and remit this case hoping that this seeming variance be reconciled by the board.

In the Matter of the Claim of THOMAS CURRIVAN, Respondent, against FRIESLER REALTY CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award. The evi-dence sustains the finding that the claimant was injured while engaged in the regular course of his employment. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brew-ster, Foster and Russell, JJ.