In the Matter of the Claim of ROSE FELDMAN, Appellant, v. A. B. C. VENDING CORP., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 13, 1962.

*David Marcus* for appellant.

*Anne G. Kafka* and *Charles J. Jones* for respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

HERLIHY, J. Claimant appeals from a decision denying death benefits.

The decedent was working in a newsstand located on a subway platform at 8th Avenue and 42nd Street, New York City. A fellow employee testified that a customer came to the stand and reported there was a fire. The witness said he saw no evidence of a fire or any smoke but that shortly thereafter the decedent left the stand and went to the edge of the platform to investigate and while looking down the track he was struck

and instantly killed by a subway train entering the station. The witness further stated he knew of an oral rule that the employees were not to leave the stand, under any circumstances, because of the possibility of larceny or petit theft.

The board found that the deceased not only violated the rule but abandoned his employment to satisfy his own curiosity and that the accident did not arise out of and in the course of employment.

The meager record does not support the finding of the board. There is no evidence therein that the deceased knew of such a rule. The testimony, as a whole, indicates that the purported oral rule was to the effect that the premises were not to be left unattended and thereby give rise to larceny or petit theft. The witness said: "We were never told about fire or anything, just in case a customer grabs something which is our property, the merchandise, not to run out, not to leave the stand."

It is inconceivable from this record to infer or conclude that an employee would not be permitted during a working day to leave the stand to go to the men's room, summon the police, phone the employer in case of damage or other loss, or make an investigation such as here in the interest of the employer. If such a harsh and arbitrary rule exists, it should be predicated upon substantial evidence, which is lacking in this record. The dissenting member of the board expressed it thus: "To hold that leaving the immediate work area to investigate a reported fire, which may well have endangered the decedent's life, constitutes an abandonment is unrealistic." The board's decision binds the claimant herein to a nebulous oral rule as deduced by the only witness, a fellow employee of the decedent. The exact terms of employment can best be spelled out by the testimony of the employer. It might be found that the rule was limited in its scope or was gratuitous advice by the manager of the employer company.

In *Matter of Burns* v. *Merritt Eng. Co.* (302 N. Y. 131, 134) the court said: "It is well established that disregard of the precise terms of employment does not necessarily constitute an abandonment thereof (cf. *Matter of O'Bryan* v. *Town of Jewett,* 296 N. Y. 785; *Matter of Dann* v. *Town of Veteran,* 278 N. Y. 461), nor does violation of a rule not promulgated but which under the circumstances might reasonably be implied, bar compensation benefits (*Matter of Lang* v. *Franklin Ry. Supply Co.,* 272 App. Div. 988, motion for leave to appeal denied 297 N. Y. 1036; *Matter of Currivan* v. *Friesler Realty Co.,* 273 App. Div. 834, motion for leave to appeal denied 297 N. Y. 1033). Viewed in the light of these authorities, a violation—if such

there was — of the no-drinking rule under penalty of dismissal, may and should not be treated any differently for purposes of compensation than the violation of any other rule designed to improve plant efficiency and to safeguard employees (cf. *Matter of Chila* v. *New York Central R. R. Co.,* 251 App. Div. 575, affd. 275 N. Y. 585; *Matter of Brenchley* v. *International Heater Co.,* 227 App. Div. 831, affd. 254 N. Y. 536; *Matter of Fox* v. *Truslow & Fulle, Inc.,* 204 App. Div. 584, affd. 236 N. Y. 634)."

In my opinion, there is no substantial evidence to support the inferential findings of the board that the decedent knew of any such rule or, with knowledge, violated such rule or abandoned his employment to satisfy his own curiosity. A reading of the record as a whole leads to the conclusion that such findings are based upon surmise and speculation.

Decision should be reversed and matter remitted, with costs to the appellant.

BERGAN, P. J., COON and TAYLOR, JJ., concur; REYNOLDS, J., dissents and votes to affirm.

Decision reversed and matter remitted, with costs to the appellant.