Foster, J.
This is a death claim under the Workmen’s Compensation Law. The Referee disallowed the claim on the ground that the accident did not arise out of and in the course of the employment. A majority of a board panel (three members) affirmed the decision of the Referee on the ground that the decedent had abandoned Ms employment. One member dissented. The Appellate Division with one dissent reversed the board, on the ground there was no substantial evidence to sustain the determination of the board, and remitted the claim. On appeal to this court, appellants filed a stipulation for order absolute.
The record is scanty, but no dispute as to the facts appears. Decedent was working in a newsstand located on a subway platform at 8th Avenue and 42nd Street, New York City. Only two witnesses were sworn at the hearing, a fellow employee named Zucker and the decedent’s widow. The latter knew nothing about the accident. Zucker testified that, while he and decedent were in the stand, a person came over to decedent and kept repeating that there was smoke and a fire there. Decedent went out of the stand to investigate and, while looking down at the tracks from a point about opposite the middle of the stand, he was struck by a subway train and instantly killed. Zucker also testified that the employer had an oral rule forbidding any attendant leaving the stand while on duty. This was to prevent larceny. He had been informed of the rule but he could not say whether the decedent had also been so instructed. No instructions had been given with regard to a fire at or near the premises, but a pail of water was kept in the stand at all times.
The employer produced no witnesses and on this meagre testimony the board found that decedent abandoned his employment to satisfy his own curiosity, and hence the accident did not arise out of and in the course of the employment. The board, of course, is final within the ambit of factual determination if it has some substantial evidence to sustain its determination. It may be that the board could find by inference that decedent had knowledge of the oral rule testified to by his fellow employee. But the violation of a rule does not necessarily lead to the conclusion that an employee abandoned his employment. There are authoritative cases the other way (Matter of Burns v. Merritt Eng. Co., 302 N. Y. 131, and cases therein cited). Indeed, it can be said with some assurance that there can be no absolutes *226 where employers’ work rules are concerned. Larson in his work on compensation cites a New Jersey case as a typical example (Green v. De Furia, 19 N. J. 290). There, an attendant in a gas station was forbidden to leave his place of employment to prevent pilferage. Nevertheless he did so and went across the street to disconnect a horn that was blowing in an unoccupied automobile. He became the victim of an accident. The Supreme Court of New Jersey held that he was entitled to an award, saying, among other things: ‘ ‘ It is clear that regardless of how rigid an employer’s work order may be, there are always situations which will occasionally arise which justify a departure from instructions and which the employer would have countenanced had he been present. The judicial treatment of these situations has labeled them ‘ emergencies,’ with the result that the scope of the employment is impliedly extended to include the performance of any act designed to save life or further the employer’s interests.” (19 N. J. 299-300.) (See, also, Larson’s comment [¡Supp., 1960, § 31.23].)
On this record the board was not justified in finding that the decedent had abandoned his employment as a matter of law because he had violated an alleged work rule. Nor was it justified in finding as a matter of fact that the decedent intended to abandon his employment, for such a finding would have to rest on sheer speculation, and sheer speculation is not substantial evidence, especially when every presumption is in favor of the claim (Workmen’s Compensation Law, § 21).
The order of the Appellate Division should be affirmed, with costs, and the claim remitted to the Workmen’s Compensation Board to make an award in conformity to the stipulation for order absolute.
Chief Judge Desmond and Judges Dye, Fuld, Van Voobhis, Burke and Sctleppi concur.
Order affirmed, with costs, and order absolute directed against appellants on the stipulation.