Meyer, J.
(dissenting). Most respectfully I dissent. The order of the Appellate Division should be reversed, without costs, and the decision of the Workers’ Compensation Board disallowing the claim should be reinstated.
Decedent died of a gunshot wound in the abdomen inflicted by his own pistol which was found at his feet. It is undisputed that he was employed as an unarmed guard, that his employment application included the statement, which he signed, that he understood that he was forbidden to carry a firearm unless instructed to do so, that he was furnished with a copy of the employer’s regulations which provided in part that "no member of the guard force * * * shall be permitted to carry a revolver or any other weapon unless so authorized by the manager”, that "no guard may carry his personal weapon on duty” and that carrying an unauthorized weapon would result in discharge, and that the employer strictly enforced the rule. The compensation Judge held the injury accidental and work related, the compensation board reversed and the Appellate Division, by a divided court, reversed on the law.
The majority below viewed decedent’s violation of the no-weapon rule as restricting the manner of performance rather than its sphere. There is no question that decedent was engaged in the performance of the work for which he was employed as a matter of time and place. But there also is no question that the carrying of his personal revolver was not in furtherance of the employer’s business, and resulted from the employee’s having arrogated to himself a duty (the carrying of *498 a firearm) which he was not only not required to but was forbidden to perform.
There is a crucial distinction between the "method” cases on which respondent relies and the instant case. In Matter of Greene v City of New York Dept. of Social Servs. (44 NY2d 322), for example, the employee used her personal vehicle contrary to regulation to go from one outside appointment to another. The injury which occurred when her vehicle collided with another could just as well have occurred had she used commercial transportation and getting from one appointment to another was a required part of her employment. The same can be said of the rules violated in Matter of Burns v Merritt Eng. Co. (302 NY 131), Matter of Fox v Truslow & Fulle (204 App Div 584, affd 236 NY 634) and Matter of Macechko v Bowen Mfg. Co. (179 App Div 573) upon which respondent relies, as well as in the example from which respondent argues of an employee bringing his personal tool to work in violation of a rule. Each[1] involves a situation in which the employer had furnished a material which was misused or duplicated by the employee’s personal material and the accident could have as readily occurred had the furnished material been used.
Here the material which caused the injury was wholly forbidden. To say under those circumstances that the violation relates only to method, as the majority does, or as respondent urges, to apply the presumption of section 21 to hold the injury covered is to ignore that the instrumentality of injury would not have been present and no injury could have occurred at all had decedent not violated the rule.[2] In the words of Judge Pound, in Matter of Heitz v Ruppert (218 NY 148, 152), the "injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work.” An injury inflicted by a revolver carried by the employee in violation of the employer’s strictly enforced rule against carrying any firearm during employment is not a natural incident of the work.
Judges Jasen, Gabrielli, Wachtler and Fuchsberg concur *499 with Chief Judge Cooke; Judge Meyer dissents and votes to reverse in a separate opinion in which Judge Jones concurs.
Order affirmed.

. Burns is distinguishable also as a horseplay case, that being the major emphasis of the opinion.

. Thus, the situation does not differ in any meaningful respect from the majority’s example of the lathe operator forbidden to operate a particular machine. The two are as tweedledum and tweedledee.