Argued and submitted May 25, reversed September 28, 1983

In the Matter of the Compensation of
Wayne Patterson, Claimant.

PATTERSON,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(81-09179; CA A26423)

669 P2d 829

Janet A. Metcalf, Portland, argued the cause for petitioner. With her on the brief were English & Metcalf, Brian L. Welch, and Welch, Bruun & Green, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this workers' compensation case, the State Accident Insurance Fund (SAIF) denied claimant's claim for compensation. The referee overturned that denial, and the Worker's Compensation Board reversed the referee's decision. Claimant appeals, and we reverse.

Neither party disputes the referee's factual findings. Therefore, we summarize the facts from those findings. Claimant worked as a security guard at the University of Oregon Health Sciences Center. He was called to the psychiatric crisis center to assist the medical staff in releasing a patient who did not wish to leave the unit. The medical staff wanted the patient taken "off the hill," meaning that the patient was to be taken to the edge of the employer's premises and released. While claimant and another security guard, Debbie Turner, were escorting the patient out of the crisis unit, he became unruly. Turner, assisted by three medical aides, restrained and handcuffed the patient. Claimant was not involved in that struggle, although his handcuffs were used on the patient.[1]

Claimant and Turner then placed the patient in the employer's patrol car and drove to downtown Portland to release him. The employer had a policy against transporting unwanted persons beyond the limits of the employer's property. Claimant previously had been expressly informed of this policy.

When the three arrived in downtown Portland, the patient was removed from the patrol car to be released. At that point, he became verbally abusive and began to walk away, still wearing claimant's handcuffs. Turner stopped the patient by grabbing the chain linking the handcuffs and led him back to the patrol car. Claimant then forcibly and repeatedly kicked the patient forcing him into the back seat of the car. Later that day, claimant left work complaining of back pain. Two weeks later, he applied for workers' compensation benefits, alleging

---

[1] Claimant testified that he was involved in this initial scuffle on the hospital premises. The referee, however, found that Security Guard Turner was the more credible witness. Turner contradicted claimant's story and testified that the only time claimant was involved in an altercation with the patient was in downtown Portland. We defer to the referee's specific credibility finding. *See Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), *rev den* (1971).

that he had sustained an injury to his lower back while physically restraining the patient.

SAIF does not dispute the fact that claimant suffered an injury or that the injury was sustained in an altercation with the patient. SAIF argues instead that the injury did not arise out of or in the course of claimant's employment and thus is not compensable.[2] At oral argument, counsel for SAIF conceded that had claimant assaulted the patient on the employer's premises, the resulting injury would be compensable. We therefore do not consider the question of the reasonableness of claimant's conduct to determine whether he was an "active participant" in an assault that was "not connected to the job assignment and that amounted to a deviation from customary duties," ORS 656.005(8)(a), and is thereby precluded from benefits. The sole issue for our consideration is whether claimant is precluded from receiving compensation for his back injury because of his deliberate disobedience of the employer's rule.

In *Rogers v. SAIF*, 289 Or 633, 616 P2d 485 (1980), the court analyzed the "arising out of" and "in the course of" provisions of ORS 656.005(8)(a). It reasoned that although the "arising out of" aspect traditionally had been analyzed separately from the "in the course of" aspect, the ultimate inquiry is simply whether an injury is work-related. That issue, the court explained, could be resolved with a single inquiry: whether the relationship between the injury and the employment was such that the injury should be compensable. 289 Or at 642. Any questions of sufficiency should be resolved in the light of the policy of the Workers' Compensation Act:

" "The statutory phrase "arising out of and in the course of employment" must be applied in each case so as to best effectuate the socio-economic purpose of the Worker's Compensation Act: the financial protection of the worker and his/her family from poverty due to injury incurred in production,

[2] ORS 656.005(8)(a) provides:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means. However, 'compensable injury' does not include injury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties."

regardless of fault, as an inherent cost of the product to the consumer. 1 Larson, Workmen's Compensation Law § 2.20. Various concepts have arisen from attempts to rationalize that purpose, e.g., the going and coming rule, special errands, lunch hour cases, dual purpose trips, impedimenta of employment, horseplay, etc. Each is helpful for conceptualization and indexing, but there is no formula for decision. *Etchison v. SAIF,* 8 Or App 395, 398, 494 P2d 455 (1972). Rather, in each case, every pertinent factor must be considered as a part of the whole. It is the basic purpose of the Act which gives weight to particular facts and direction to the analysis of whether an injury arises out of and in the course of employment.' * * *" 289 Or at 643, quoting with approval *Allen v. SAIF,* 29 Or App 631, 564 P2d 1086, *rev den* 280 Or 1 (1977).

Bearing in mind that the purpose of the Workers' Compensation Act is financial protection for an injured worker without regard to fault, we conclude that claimant's injury is sufficiently work-related to be compensable. He was injured while he was executing the assigned task of removing an unruly patient from the employer's premises. His disregard of the employer's rules was deliberate but did not involve a prohibited overstepping of the boundaries defining his ultimate job responsibilities. Rather, his misconduct involved a violation of the employer's rules governing the *method* of accomplishing his ultimate work, and therefore he remained within the scope of his employment. *See* 1A Larson, Workmen's Compensation Law 6-7, § 31.00 (1979).

Because SAIF concedes that the dispositive misconduct here is the prohibited act of leaving the premises (as opposed to assaulting the patient), claimant's misconduct is nothing more than disobedience to specific instructions limiting the sphere of the execution of his employment responsibilities. Because we find that misconduct to be a mere violation of the designated method of execution of his ultimate job duty, the resulting injury is sufficiently work-related to be compensable. *Cf. Mtr. of Feldman v. A.B.C. Vending,* 16 AD 2d 189, 226 NYS 2d 892 (1962); *aff'd* 12 NY2d 223, 238 NYS 2d 667, 188 NE2d 905 (1963) (deceased violated rule restricting him to employer's premises to investigate a nearby fire, compensation allowed); *Green v. DeFuria,* 19 NJ 290, 116 A2d 19

(1955) (injury sustained by gas station attendant who left station to silence horn of a car across the street in contravention of employer's rule is compensable); 1A Larson Workmen's Compensation Law, 6-22—6-26, § 31.23 (1979).

Reversed; referee's order reinstated.